■ JAMES TORRE et al., Respondents, v PAUL B. SECKEL, Appellant. [756 NYS2d 775] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered

October 22, 2002, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the injured plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff James Torre, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed insofar as asserted by the plaintiff James Torre, and the action insofar as asserted by the remaining plaintiffs is severed.

Contrary to the conclusion reached by the Supreme Court, the defendant established a prima facie showing of entitlement to summary judgment by demonstrating that the plaintiff James Torre did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent on the plaintiffs to come forward with admissible evidence to create an issue of fact that the plaintiff James Torre did sustain a serious injury (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The plaintiffs failed to do so, and thus, the defendant was entitled to summary judgment dismissing the complaint with respect to all claims based on the alleged injuries of James Torre.

However, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law with respect to the injuries sustained by the plaintiff Christine Torre, the plaintiffs met their burden of demonstrating the existence of a factual issue with respect to whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Kim v Cohen, 208 AD2d 807 [1994]). Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.