■ PETER KIM et al., Respondents, v TERRY COHEN et al., Appellants. [618 NYS2d 386] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered December 10, 1991, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $170,000 for past pain and suffering to Theresa Kim, and $25,000 for loss of services to Peter Kim.

Ordered that the judgment is affirmed, with costs.

The defendants' claim that there was no objective evidence of "serious injury" as defined in Insurance Law § 5102 (d), is predicated on the argument that straight-leg raising tests conducted by physicians are not objective evidence of significant limitation of use of a body function or system because the results of such tests are controlled by the patient being tested. Our case law has consistently treated straight-leg raising tests as objective evidence of serious injury (see, Gaddy v Eyler, 167 AD2d 67, affd 79 NY2d 955; Coughlan v Donnelly, 172 AD2d 480; Albanese v Stevens, 148 AD2d 805). In any event, we find

that the jury could reasonably have inferred that the injuries suffered by the plaintiff Theresa Kim prevented her from performing substantially all of her usual and customary daily activities for not less than 90 out of the 180 days after the accident *(see,* Insurance Law § 5102 [d]), given the testimony that, as a result of the accident, she was out of work for more than three years, was unable to engage in sexual relations with her husband for almost a year, and remained unable to go bowling or take aerobic dance classes as of the time of trial, more than five years after the accident.

We further find that the awards of $170,000 to Theresa Kim for past pain and suffering, and $25,000 to her husband, Peter Kim, for loss of services, did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Orris v West,* 189 AD2d 866; *Dunlap v City of New York,* 186 AD2d 782; *Lamiscarre v Korvettes Dept. Stores,* 130 AD2d 461; *Durso v City of New York,* 96 AD2d 458). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.