■ JEAN CASSAGNOL, Respondent, v WILLIAMSBURG PLAZA TAXI INC. et al., Appellants. [651 NYS2d 518] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 30, 1996, which denied defendants' motion for summary judgment dismissing plaintiff's complaint for failure to meet the "serious injury" threshold required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

This is a personal injury action that arises out of an automobile accident. At trial, plaintiff would be required to prove that he suffered "serious injury" within the meaning of

Insurance Law § 5102 (d). The record on the motion for summary judgment contained conflicting evidence regarding the nature and extent of plaintiff's injuries. However, as explained below, should the factual disputes be resolved in plaintiff's favor by the finder of fact at a plenary trial, plaintiff's evidence would establish his case. Given the factual disputes regarding the material issue of "serious injury", this was not an appropriate case for summary disposition (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404).

In determining a motion for summary judgment where the issue is whether the plaintiff suffered "serious injury," this Court has held that, "The initial burden is on defendants to present evidence, in competent form, showing that plaintiff has no cause of action; unless that burden is met, plaintiff need not come forward with proof that she [or he] sustained a serious injury within the contemplation of Insurance Law § 5102 (d)." (*Rodriguez v Goldstein*, 182 AD2d 396, 397.) While one might properly question the weight to be accorded to an examination conducted by defendants' doctor two years and nine months after the accident, that ultimately is an issue for the finder of fact. Therefore, to the extent that defendants contend that they satisfied their initial burden by coming forward with Dr. Irving Etkind's affidavit stating that the results of his physical examination of plaintiff were normal, they are correct. However, we cannot ignore the significance of the proof then propounded by plaintiff in opposition, which was more than sufficient to defeat this motion for summary judgment.

The record before the motion court included an affidavit from plaintiff detailing his injuries and a separate affidavit from plaintiff's treating physician, Dr. Jean Claude Compas. Dr. Compas, who examined and treated the plaintiff after the accident, and who again examined plaintiff *after* Dr. Etkind, stated, under oath, that his patient had suffered a significant and permanent loss of 40% function both in the lumbosacral spine and in his left knee. In similar cases, evidence of range of motion limitation, as here, has been deemed sufficient to defeat a summary judgment motion (*Lopez v Senatore*, 65 NY2d 1017; *Bates v Peeples*, 171 AD2d 635). Furthermore, defendants' contention that Dr. Compas' use of range-of-motion tests was clinically meaningless calls for fact-finding of a nature precluded in determining a motion of this kind. Nevertheless, it bears noting that these are standard neurological tests and are considered objective evidence of serious injury (*see, Stanavich v Pakenas*, 190 AD2d 184, *lv denied* 82 NY2d 659; *Kim v Cohen*, 208 AD2d 807). Dr. Compas' use of electrodiagnostic

nerve conduction tests in plaintiff's first examination also constitutes objective evidence of serious injury (*see, Spezia v De Marco*, 173 AD2d 462).

Clearly, the conflicting affidavits submitted to the motion court presented a factual dispute regarding the extent of plaintiff's injury and that court properly recognized that it could not resolve this material factual question in the context of a summary judgment motion (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Thus, defendants' motion for summary judgment was properly denied. Concur—Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.