■ ADEWOLE O. ADETUNJI, Respondent, v U-HAUL COMPANY OF WISCONSIN, Inc., et al., Appellants. [672 NYS2d 869] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered December 18, 1997, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The straight-leg raising tests conducted by plaintiff's treating physician and his observation of spasms, which he quantified as indicating a 30% loss of motion in plaintiff's lumbosacral spine and a 30% loss of rotation, abduction and extension in the cervical spine, constitute objective evidence of a serious injury (*see, O'Sullivan v Atrium Bus Co.*, 246 AD2d 418; *Risbrook v Coronamos Cab Corp.*, 244 AD2d 397; *Kim v Cohen*, 208 AD2d 807), and those findings, two years after the accident, causing the doctor to believe the injuries were permanent, create a triable issue as to whether plaintiff did indeed suffer a "serious injury" within the meaning of Insurance Law § 5102 (d), notwithstanding the normal results of X-rays, an MRI and a CT scan (*see, O'Sullivan v Atrium Bus Co., supra*; *Cammarere v Villanova*, 166 AD2d 760, 761). Plaintiff's assertion that he was unable to work for four months following his accident, confirmed by the physician's affirmation that he confined plaintiff to bed rest for that period, also establishes that plaintiff could not engage in his usual and customary activities for at least 90 out of the 180 days following the ac-

cident, and the absence of corroborating work records merely creates a triable issue of fact. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.