■ IGNACIO RAMOS et al., Appellants, v ESFIR DEKHTYAR et al., Respondents. IGNACIO RAMOS et al., Appellants-Respondents, v ESFIR DEKHTYAR, Respondent, and ZEESHAN AKBAR et al., Respondents-Appellants. [753 NYS2d 489] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about April 11, 2002, which, pursuant to an order dated October 11, 2000, granted summary judgment to the moving and cross-moving defendants for plaintiffs' failure to establish serious injuries as required by section 5102 of the Insurance Law, unanimously reversed, on the law, and vacated, without costs; and order, same court and Justice, entered on or about April 19, 2002, which, insofar as appealable, granted plaintiffs' motion to renew the order of October 11, 2000, and, upon renewal, adhered to its original determination, unanimously modified, on the law, to deny defendants' motions to dismiss and to reinstate the complaint, and otherwise affirmed, without costs.

Plaintiffs brought this personal injury action alleging that they each had suffered serious injuries as a result of a three-

car accident in which their vehicle had been rear-ended, the trunk space of their car crushed and the car pushed 25 feet. While each plaintiff was able to return to employment or school soon after the accident, each claimed to have sustained an array of spinal injuries, including herniation, straightening and derangement, which cause ongoing pain and limit various activities. The IAS court, upon renewal, adhered to its prior decision granting defendants' motion and cross motion for summary judgment, finding plaintiffs unable to establish that they suffered serious injury.

The IAS court properly granted renewal. Plaintiffs had earlier submitted an affirmation of their chiropractor in opposition to the motion for summary judgment which was not competent medical evidence (see CPLR 2106; Feintuch v Grella, 209 AD2d 377, lv denied 85 NY2d 803). On their motion for renewal, plaintiffs resubmitted the same chiropractor statement, now in affidavit form. Renewal may be granted where the failure to submit an affidavit " 'was inadvertent, and * * * absen[t] * * * any showing by defendants of prejudice attributable to the short delay caused by such failure' " (Telep v Republic El. Corp., 267 AD2d 57, 58, quoting Diaz v New York Downtown Hosp., 262 AD2d 62, 63; see also, Martinez v Hudson Armored Car & Courier, 201 AD2d 359; Segall v Heyer, 161 AD2d 471; Pinto v Pinto, 120 AD2d 337). Defendants have failed to articulate any prejudice, and the submission of an affirmation instead of an affidavit was clearly inadvertent. Although the evidence was known to plaintiffs at the time of the original motion, renewal was proper to correct this "procedural error" (Wilcox v Winter, 282 AD2d 862, 864) in a medical report which itself is not conclusory (cf. Doumanis v Conzo, 265 AD2d 296).

The chiropractor's affidavit contained sufficient objective medical evidence to raise a triable issue on whether each plaintiff sustained a serious injury since Dr. McGowan conducted cervical/lumbar range of motion tests and "designat[ed] * * * a numeric percentage of [each] plaintiff's loss of range of motion[, which] can be used to substantiate a claim of serious injury" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 350). Dr. McGowan determined there to be quantifiable limitations based on range of motion tests she personally conducted as an expert. Defendants' argument, relied on by the IAS court, that plaintiffs' alleged injuries are suspect because of a two-year gap between the end of plaintiffs' physical therapy and the examination conducted by Dr. McGowan goes to "the weight to be given a medical opinion and is properly for a jury [citation omitted]" (Manrique v Warshaw Woolen Assoc., 297

AD2d 519, 520-521). Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.