■ FERNANDO GONZALEZ, Respondent, v NELSON VASQUEZ, Appellant. [754 NYS2d 7] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 29, 2002, which denied defendant's motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), and granted plaintiff's cross motion for summary judgment on the issue of liability to the extent of awarding plaintiff summary judgment on causation, unanimously modified, on the law, to grant the cross motion to

include fault and to remand for further proceedings including trial of the issue of serious injury, and otherwise affirmed, without costs.

In an action for personal injuries sustained when plaintiff's car was rear-ended by defendant's car, an issue of fact as to whether plaintiff suffered a serious injury is raised by his examining physician's affirmation. Such affirmation correlates plaintiff's neck and back pain two years after the accident to, inter alia, quantified range of motion limitations found on physical examination and bulging and herniated discs described in MRI reports, and opines that plaintiff's symptoms are permanent (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 351-353, 353-355). It does not avail defendant that the MRI reports are unsworn (*cf. id.* at 358; *Ayzen v Melendez*, 299 AD2d 381). Concerning plaintiff's cross motion, defendant does not adduce any evidence to counter plaintiff's showing that defendant was solely responsible for rear-ending plaintiff's vehicle and summary judgment as to the issue of fault was appropriate. Since issues of fact as to serious injury rendered summary judgment as to defendant's ultimate liability inappropriate (*cf. Maldonado v DePalo*, 277 AD2d 21), the motion court, in a meticulous effort to avoid encompassing a finding of serious injury in its grant of partial summary judgment on the cross motion, characterized the grant as relating to causation only. Inasmuch as the motion court found an absence of any triable issue as to "defendant's negligence in this rear-end collision," we modify to award plaintiff summary judgment as to fault. Concur—Saxe, J.P., Sullivan, Ellerin and Gonzalez, JJ.