(May 1, 2003)

■ WILLIE VAUGHAN et al., Appellants, v HENRY BAEZ et al., Respondents. [758 NYS2d 648] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about January 9, 2002, which granted defendants' motion and cross motion for summary judgment and dismissed the complaint, affirmed, without costs.

Defendants have met their burden of establishing that plaintiffs have not sustained "serious" injuries within the meaning of Insurance Law § 5102 (d) through the medical reports of neurologist Dr. Block and orthopedist Dr. Keats, who both affirmed that they had determined, after conducting specific objective tests that were probative of plaintiffs' complaints, that the alleged injuries of each plaintiff were nonpermanent, largely asymptomatic and subjectively based.

In light of the foregoing evidence and given the fact that plaintiffs' medical expert Dr. Ali E. Guy was not their treating physician and that his single examination of plaintiffs took place after defendants moved for summary judgment, more than two years after they had last received medical treatment for the injuries complained of, and that plaintiffs offered no explanation for their lack of treatment from late 1999 through May 2001, the motion court was clearly justified in finding that the expert's opinion that plaintiffs' injuries were permanent and significant was conclusory and speculative and seemingly tailored to meet the statutory definition of serious injury.

Most significant was the court's finding that "there is no competent, objective medical evidence to establish that there is a *causal connection* between their condition on the date of Dr. Guy's examinations and the accident of March 18, 1999" (emphasis added). *Toure v Avis Rent A Car Sys.* (98 NY2d 345 [2002]) is instructive and is not to the contrary. There, in *Man-*

*zano v O'Neil* (one of the three cases decided), defendant contended that plaintiff failed to establish a permanent consequential limitation of use of her neck and lower back because the testimony of her treating physician, who was also her medical expert, was based on an examination that was conducted more than four years prior to trial. However, the Court of Appeals found such argument unpersuasive inasmuch as plaintiff's treating physician testified that, at the time of his last examination of plaintiff, he concluded that plaintiff's injuries were permanent and that there was no benefit in her continuing to seek medical treatment for her condition (*id.* at 355). Here, on the contrary, Dr. Guy's conclusory statements, in his medical reports dated May 2, 2001, that plaintiffs had "sustained a permanent partial disability causally related to the accident of March 18, 1999" are speculative at best and legally insufficient to defeat defendants' cross motions for summary judgment. Concur—Nardelli, Andrias, Sullivan and Friedman, JJ.

Buckley, P.J., dissents in a memorandum as follows: In this "serious injury" case, the majority discounts plaintiff's medical expert since he was not a treating physician and had only performed one examination of plaintiff more than two years after the accident, the same rationale upon which the IAS court granted defendants' summary judgment motion. It is, of course, significant that defendants did not base their motion on, and the IAS court did not consider, causation. Finding no explanation for an absence of treatment and determining that plaintiff's expert opinion was conclusory, speculative and tailored to meet the statutory definition, the majority, in affirming the IAS Court, overlooks the salient and dispositive facts that plaintiff's expert assigned a quantitative measurement to the loss of range of motion and that his opinion was based on an MRI (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gonzalez v Vasquez*, 301 AD2d 438 [2003]; *Ramos v Dekhtyar*, 301 AD2d 428 [2003]). Such was sufficient to satisfy plaintiff's burden to demonstrate a disputed issue of fact on whether a serious injury had been sustained. The expert opinion here identified the underlying basis upon which conclusions were reached and specified the evidence of injury upon which it relied. Neither the mere passage of time between accident and evaluation nor the use of the statutory definition disqualifies this expert opinion, although either may go to the weight ultimately given such evidence (*Cassagnol v Williamsburg Plaza Taxi*, 234 AD2d 208, 209 [1996]).

Accordingly, I dissent. I would reverse the IAS Court, deny

defendant's motion for summary judgment as well as the cross motion, and reinstate plaintiff's complaint.