■ BARBARA A. BENSON et al., Respondents, v LIGHTING GLASS Co. et al., Appellants. [758 NYS2d 496] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered October 18, 2002, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiffs had not sustained serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant defendants' motion insofar as to dismiss the claims of the infant plaintiff, and otherwise affirmed, without costs.

The evidence submitted in opposition to defendants' summary judgment motion by plaintiff Barbara Benson, including a report from an examining physician concluding, based on specific loss of range of motion findings respecting Ms. Benson's cervical and thoracolumbar spine, that Ms. Benson sustained permanent injuries to the neck and back by reason of the automobile accident allegedly caused by defendants' negligence, was sufficient to raise a triable issue as to whether Ms. Benson had, in fact, sustained serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gonzalez v Vasquez, 301 AD2d 438 [2003]).

However, the motion court erred in denying defendants' motion for summary judgment insofar as it sought dismissal of the claims of the infant plaintiff. Plaintiffs failed to submit the qualitative, objective proof necessary to overcome defendants' submissions and raise a triable issue as to whether the infant

plaintiff sustained serious injury (*see Toure*, 98 NY2d at 350). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.