■ Apolinar Lantigua et al., Respondents, v Cornell Williams et al., Appellants. [758 NYS2d 810] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 8, 2002, which denied defendants' motion for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Almost three years after the accident, plaintiff's physician's examination revealed a 10-degree restriction on right and left lateral bend, sporadic decreased right-hand sensation to pinprick, an equal but depressed deep tendon reflex in both uppers, and weak right-hand grasp strength. On the basis of these observations, the physician opined that plaintiff was showing the "residua of a cervical derangement as a result of his accident." A second examination conducted 4½ years after the accident revealed the same symptoms, as well as range of motion in the neck that was restricted 10 degrees to the right, 20 degrees to the left, 5 degrees at forward flexion and 10 degrees at hyperextension, which restrictions, in view of their persistence, were described as permanent. These observations constitute objective medical evidence sufficient to raise an issue of fact as to whether plaintiff sustained a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Adetunji v U-Haul Co., 250 AD2d 483 [1998]; Camilo v Forlini, 304 AD2d 386 [2003]; Ramos v Dekhtyar, 301 AD2d 428 [2003]). The time gap between plaintiff's initial course of treatment and his initial examination by the above physician is raised by defendant for the first time on appeal, and we decline to review it (but cf. Ramos at 429-430). We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.