■ Marilyn Melendez, Respondent, v Norman S. Feinberg, Appellant. [759 NYS2d 869] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 19, 2001, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d),

* Deceased June 1, 2003.

unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The affirmations of defendant's medical experts, which opined that the subject motor vehicle accident, which occurred in December 1995, had not caused plaintiff any permanent neurological, orthopedic, or psychiatric condition or disability, made a prima facie showing that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Although the affirmation of plaintiff's medical expert reached a contrary conclusion based on an examination conducted in May 2001, more than five years after the accident, the expert did not offer an explanation for plaintiff's failure to receive any treatment for her purported injuries since January 1998. In light of the unexplained lapse of more than three years without treatment, plaintiff's expert's opinion was insufficient to raise a triable issue as to the existence of a statutory "serious injury" (*see Vaughan v Baez*, 305 AD2d 101 [2003] [no triable issue as to serious injury existed where lack of treatment from late 1999 to May 2001 was unexplained]; *cf. Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002] [extended period without treatment was sufficiently explained by expert testimony that continued treatment would not produce any benefit]). Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.