■ MAGDALENA TOLEDO, Appellant, v A.P.O.W. AUTO REPAIR/ TOWING et al., Respondents. [762 NYS2d 495] —Order, Supreme Court, New York County (Milton Tingling, J.), entered June 3, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff alleges injuries resulting from a 1996 accident in which the vehicle she was driving was hit in the rear by a vehicle owned and operated by defendants. She claimed a serious injury as defined in Insurance Law § 5102 (d). Her bill of particulars set forth various injuries, as did plaintiff's 2001 deposition testimony. Following the accident, she was treated by a Dr. Opam several times a week for several months, and commenced a course of physical therapy for back and neck pain. She also sought treatment with a psychologist, Dr. Arcata, for sleep disorders resulting from the accident. She missed work for some four months following the accident, and alleges that her injuries had affected her in performing specified activities that previously had been part of her usual routine. Plaintiff also was examined by physicians on defendants' behalf, who concluded on the basis of their examinations and plaintiff's medical records and reports, including an MRI, that, in sum, she was not suffering any ongoing disability. On the basis of these reports, defendants moved for summary judgment. In response, plaintiff submitted Dr. Opam's sworn affidavit which reflected that his 1996 examination indicated that she had been partially disabled with posttraumatic headaches, cervalgia, cervical radiculopathy, possible herniated cervical disc and insomnia—many of the findings negated in defendants' medical evidence. Dr. Opam, in his affidavit, also indicated that he had examined plaintiff on December 20, 2001 and that he found limitations in the range of motion of the cervical spine which he contrasted with the norm, objective medical findings that may properly be used to substantiate a claim of serious injury (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gonzalez v Vasquez*, 301 AD2d 438 [2003]). Additionally, he found disc injuries, also proper evidence of serious injury (*Gonzalez, supra*; *Rice v Moses*, 300 AD2d 213 [2002]) and other continuing injuries arising from the accident that were permanent in nature and disabling. Plaintiff also submitted the sworn affidavit of a chiropractor, Dr. Harvey, who had examined her in July 2001; his examination indicated a substantial limitation in the range of motion of her lumbar spine and cervical spine, disc injuries and additional injuries that he characterized as permanent and causally related to the accident.

In granting defendants summary judgment, the court found that plaintiff fatally relied on an unsworn medical report to oppose the motion. In view of the above record evidence, though, consisting of sworn medical reports and statements, this conclusion is in error. To whatever extent the court faulted plaintiff's experts for relying on an unsworn MRI report, this report was affirmatively relied on in the first instance by defendants' experts, so that a responsive medical affidavit could properly rely on it (*Gonzalez v Vasquez, supra*; *Ayzen v Melendez*, 299 AD2d 381 [2002]). Moreover, insofar as "the evidence adduced by the first-hand observations" of Drs. Opam and Harvey was presented in affidavit form, "it does not avail defendants that the MRI reports are unsworn" (*Rice v Moses, supra* at 213). Hence, issues of fact are properly presented for review by a jury. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.