■ MIZWELL WILLIAMS, Respondent, v JAMES PARKE et al., Appellants, et al., Defendant. (And Other Actions.) [767 NYS2d 423]—

Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered May 1, 2003, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them on the ground that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff's doctor's affirmation, correlating significant quantified range of motion limitations in plaintiff's lower back, among other conditions, to herniated and bulging discs revealed in an MRI taken shortly after the accident in October 2000, and opining that the disability to plaintiff's back is permanent, is sufficient to raise an issue of fact as to whether plaintiff sustained a serious injury (see Cespedes v McNamee, 308 AD2d 409 [2003]). Contrary to defendants' contention, there is no unexplained gap of 2¹/₃ years in treatment. The record shows that plaintiff was treated at an affiliated group of medical professionals where she saw several doctors and received physical therapy, pain management, acupuncture and physiatric evaluations through late August 2001. At the time of her deposition in January 2002, plaintiff continued to do her physical therapy at home and to see her doctors every four months. Any unexplained gap between the end of plaintiff's physical therapy and the February 2003 examination conducted by the doctor whose affidavit was submitted by plaintiff in opposition to the motion goes to the weight to be given to his medical opinion and is properly for consideration by a jury (see Ramos v Dekhtyar, 301 AD2d 428 [2003]). It does not avail defendants that the MRI report relied on by plaintiff's doctor, which, we note, was also relied on by defendants' doctors, was unsworn (see Toledo v A.P.O.W. Auto Repair/Towing, 307 AD2d 233 [2003]). Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.