■ HENRY ROSARIO, Appellant, v UNIVERSAL TRUCK & TRAILER SERVICE, INC., et al., Respondents. [770 NYS2d 67]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered February 20, 2002, and judgment, same court and Justice, entered April 12, 2002, granting defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

Plaintiff was involved in a vehicular accident on November 3, 1998. He alleges that the impact caused him to hit his head and left shoulder on the car door and that his knee struck the dashboard. As a consequence, he alleges that he sustained a possible tear of the anterior cruciate ligament in his right knee, a herniation of the cervical spine at the C5-C6 level with a C5-C6 radiculopathy, a paracentral disc herniation of the lumbar spine at the L5-S1 level, a rotator cuff impingement of the left shoulder and injuries to the surrounding soft tissue. Plaintiff claims he was consequently incapacitated from employment as a taxi driver in that he could not sit for long periods of time, and from performing substantially all of the material acts involved in his daily life, including walking with his children, playing sports,

climbing stairs, lifting heavy objects, and that his sleep was interfered with. He also alleges constant pain, limitation in motion and discomfort in his neck, lower back, right knee and left shoulder, and that his knee often buckles as he walks. Contemporaneous medical documentation dated November 3, 1998 indicates that after the accident, plaintiff was transported to a hospital where several of his complaints were recorded in medical records. Motrin was prescribed and plaintiff was discharged.

Medical records dated November 4, 1998 indicate that plaintiff was seen by Dr. Dundar Tuzun of Bronx Medical Services, P.C. At that time, "whiplash injury," resulting from the November 3rd accident, was diagnosed, with numerous manifestations of injuries specified throughout the report. Physical therapy was prescribed and an MRI was ordered. Dr. Tuzun treated plaintiff for several months, until August 1999. He reexamined plaintiff in August 2001. Generally, Dr. Tuzun diagnosed spinal sprains, cervical myofascitis, sprains of the left shoulder and right knee, lumbargia, lumbar myofascitis, lumbar disc herniation, lumbar disc syndrome, lumbosacral radiculopathy, cervical radiculopathy, cervical disc herniation, contusions of the ribs, sternum and head, postconcussion syndrome, headache and dizziness. Dr. Tuzun referred plaintiff to a chiropractor and an orthopedist, but plaintiff failed to follow up.

Defendants moved for summary judgment on the basis that the serious injury requirement of Insurance Law § 5102 (d) was not satisfied. In support of the motion, defendants submitted physician affirmations that sharply disputed plaintiff's claims of injuries. In opposition, plaintiff submitted Dr. Tuzun's affirmation, dated August 21, 2001, which was also the date of the last treatment after a hiatus of two years. In his affirmation, Dr. Tuzun averred that, predicated on plaintiff's pain-free range of motion, plaintiff suffered deficits from a loss of range of motion of 33% in forward flexion of the cervical spine, 30% in extension, and a 20% deficit in right and left rotation of the cervical spine. Dr. Tuzun also averred that, with regard to the lumbar spine, plaintiff suffered deficits from a loss of range of motion of 44% in forward flexion, 16% in extension, 25% in lateral flexion, 33% in right rotation and 16% in left rotation. Based on the MRI report as interpreted by Dr. Robert Solomon, Dr. Tuzun concluded that plaintiff suffered a C5-C6 anterior disc herniation of two to three millimeters, and that the MRI report confirmed his clinical diagnosis of a disc injury to the cervical spine. Moreover, based on Dr. Solomon's interpretation of the MRI report, Dr. Tuzun concluded that, with regard to the lumbar spine, there was an L5-S1 paracentral and left lateral

disc herniation with lateral recess and left neural canal stenosis, which, he averred, confirmed his clinical diagnosis of a disc injury to the lumbar spine. Regarding the MRI report of plaintiff's right knee, as interpreted by Dr. Steven Prufer, Dr. Tuzun concluded that it indicated a suspected partial tear of the anterior cruciate ligament which, he concluded, confirmed his clinical findings of a ligamentous injury to the knee. Dr. Tuzun also averred that his review of the EMG study performed by a Dr. Asmamaw "gives an interpretation of an abnormal study consistent with a left C5-C6 radiculopathy, consistent with the disc herniation noted by Dr. Robert D. Solomon in his interpretation of the Cervical MRI films and [his] clinical findings." Dr. Tuzun offered the opinion that given the duration of the injury and the continued limitation of motion, these conditions were chronic, permanent and disabling, that plaintiff had suffered a permanent partial disability, and that he should avoid activities that involved lifting, carrying, pulling, pushing, leaning, bending or other activities that would aggravate his right knee, left shoulder or cervical or lumbar spine.

The issue under review is whether plaintiff's allegations are sufficiently supported by competent medical evidence so as to establish the "serious injury" threshold required by Insurance Law § 5102 (d). We conclude that the minimal requirements are satisfied. It is well established that "[i]n order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). We have found that a physician's affirmation that "correlates plaintiff's neck and back pain two years after the accident to, inter alia, quantified range of motion limitations found on physical examination and bulging and herniated discs described in MRI reports, and opines that plaintiff's symptoms are permanent" sufficed to raise an issue of fact so as to preclude summary judgment (*Gonzalez v Vasquez*, 301 AD2d 438, 439 [2003]). That the MRI was unsworn is not fatal to the threshold showing of serious injury, insofar as the physician related his own observations and findings regarding the injuries and loss of range of motion (*Rice v Moses*, 300 AD2d 213 [2002]), especially since the defense experts affirmatively relied on the same documentation to challenge the injuries (*Toledo v A.P.O.W. Auto Repair/Towing*, 307 AD2d 233 [2003]). The appropriate weight to be accorded this affirmation, of course, is a matter of credibility for the jury to assess, as is the lapse of two years before the August 21, 2001 examination. Accordingly, we reinstate the action. Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.