■ ANTHONY POMMELLS, Appellant, v FRANCISCO R. PEREZ et al., Respondents. [772 NYS2d 21]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 3, 2002, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff had not sustained serious injury within the meaning of Insurance Law § 5102 (d), affirmed, without costs.

Even assuming the summary description of the tests performed on plaintiff was sufficient to constitute objective medical proof of serious injury under Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]), defendants' motion for summary judgment was properly granted on the ground that plaintiff's failure to explain a nearly four-year gap in treatment renders any conclusion as to causation speculative (*see Melendez v Feinberg*, 306 AD2d 98, 99 [2003]; *Vaughan v Baez*, 305 AD2d 101 [2003]; *Grossman v Wright*, 268 AD2d 79, 84 [2000]).

We note that the record is devoid of admissible evidence demonstrating that plaintiff sustained a serious injury in 1998, when the accident occurred. Given the absence of such evidence, the conclusion of plaintiff's neurologist, made after a January

2002 physical examination, that plaintiff's injuries are "causally related to the history as stated," is plainly insufficient to demonstrate a causal connection between the accident and plaintiff's injuries (*see Melendez v Feinberg*, 306 AD2d 98, 99 [2003]; *Vaughan v Baez*, 305 AD2d 101 [2003]).

In addition, as the only objective medical proof of serious injury comes from a physical examination of plaintiff performed four years after the accident, it was insufficient to show that plaintiff's injuries prevented him from performing substantially all of his usual daily activities for at least 90 of the 180 days immediately following the accident (*see Ersop v Variano*, 307 AD2d 951, 952-953 [2003]).

The dissent overlooks that there is no admissible evidence of serious injury at the time of the accident, relying instead on the minimal range of motion restrictions found by plaintiff's doctor in 2002, four years after the accident, and the doctor's conclusory allegations of causation. While the dissent also points out that a gap in treatment may be justified on the ground that such treatment may be futile, no treatment provider has made such an assertion in this case (*cf. Toure v Avis Rent A Car Sys.*, 98 NY2d at 355). Concur—Buckley, P.J., Nardelli and Gonzalez, JJ.

Tom and Mazzarelli, JJ., dissent in a memorandum by Mazzarelli, J., as follows: The majority asserts that there is no admissible evidence in the record that plaintiff suffered a serious injury in 1998, when the accident occurred. Further, it concludes that because of the passage of time between the accident and the evaluation by plaintiff's doctors, their findings that plaintiff's injuries were caused by the accident must be considered speculation. I disagree.

The record contains sufficient admissible evidence to withstand defendant's motion for summary judgment on the threshold issue of whether plaintiff suffered a "serious injury" under Insurance Law § 5102 (d). At his deposition, plaintiff testified that as a direct result of the March 15, 1998 accident in which the car he was driving was hit by three other vehicles, he was unable to return to his job as a welder for six months. He also testified that he began physical therapy sessions two days after the accident for injuries to his neck, his back and his knees and that he worked with the physical therapists five times a week for six months. Plaintiff also received disability benefits from his union during this same six-month period. In addition, plaintiff recounted that when he returned to work, he was placed on light duty because he could no longer lift heavy objects.

On March 6, 2002, defendant Perez moved to dismiss plaintiff's complaint for failure to meet the serious injury threshold of Insurance Law § 5102 (d). On or about May 30, 2002, defendant Latchman, adopting the arguments made by defendant Perez, cross-moved for the same relief. In support, defendants submitted the reports of an expert neurologist and two radiologists.

Significantly, defendants did not argue, or introduce any evidence, that plaintiff's injuries were caused by anything other than his 1998 car accident (compare Shinn v Catanzaro, 1 AD3d 195 [2003] [defendant's expert attributed spinal injuries to chronic degenerative disc disease, rather than trauma]; Ersop v Variano, 307 AD2d 951 [2003] [same]; Lorthe v Adeyeye, 306 AD2d 252 [2003] [same]).

In opposition to defendants' motion and cross motion, plaintiff submitted his deposition testimony, an affidavit describing his accident and the treatment he received for his subsequent injuries, and the reports of two doctors and a radiologist who examined and treated him. The sworn medical report of one of those doctors, Dr. Rose, an orthopaedic surgeon, relayed that he had reviewed three x-rays and two MRIs of plaintiff's spine, which were conducted within approximately one month of plaintiff's accident. Dr. Rose also affirmed that he examined the 33-year-old plaintiff on January 11, 2002, and he observed that plaintiff's lumbar spine had 70% forward flexion, squatting was limited to 80% of normal and that straight leg raising was positive at 70% on the right and positive on the left at 75%. This expert concluded that based upon his review of the x-rays, the MRIs and his examination, plaintiff sustained a "permanent partial disability" which was causally related to plaintiff's accident.

Plaintiff's submissions provided sufficient objective medical evidence to raise an issue of fact as to whether he sustained a "permanent consequential limitation of use of a body organ or member" or "significant limitation of use of a body function or system" as a result of his accident (Insurance Law § 5102 [d]; see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Toledo v A.P.O.W. Auto Repair/Towing, 307 AD2d 233 [2003]; Lantigua v Williams, 305 AD2d 286 [2003]; Gonzalez v Vasquez, 301 AD2d 438 [2003]; Aguilar v N.Y.C. Water Works, 298 AD2d 245 [2002]; Adetunji v U-Haul Co., 250 AD2d 483 [1998]; Eng v New Main Line Trading Corp., 249 AD2d 359 [1998]; Cassagnol v Williamsburg Plaza Taxi, 234 AD2d 208 [1996]).

In addition to conducting a physical evaluation of plaintiff, Dr. Rose's conclusions were based upon his review of x-rays and

MRIs performed in 1998, contemporaneous with plaintiff's accident. In addition, defendants' motions did not raise an issue as to causation; they argued only that the severity of plaintiff's injuries did not meet the threshold. Finally, as to the treatment gap, it is not alone determinative of the issue of causation, and it does not alone negate a finding that an injury meets the section 5102 (d) threshold, but it is merely one factor to be considered in evaluating the weight to be accorded to the expert's assessment of injury (*Rosario v Universal Truck & Trailer Serv.*, 2 AD3d 362 [2003]; *Williams v Parke*, 1 AD3d 240 [2003]; *Ramos v Dekhtyar*, 301 AD2d 428 [2003]; *Manrique v Warshaw Woolen Assoc.*, 297 AD2d 519, 520 [2002]; *Bitici v New York City Tr. Auth.*, 245 AD2d 157 [1997]; *Cassagnol, supra*).

Accordingly, I dissent and would reverse the IAS court's order, deny defendants' motion and cross motion for summary judgment and reinstate the complaint.