■ Gregory Woods, Appellant, v Henry Tomayo et al., Respondents. [774 NYS2d 134]—

Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about August 13, 2003, which dismissed the complaint, unanimously reversed, on the law, without costs, defendants' motion and cross motion for summary judgment denied and the complaint reinstated. Appeal from order, same court and Justice, entered July 21, 2003, which granted the motion of defendant, Darlene Rhodes, and the cross motion of defendant, Henry Tomayo, for summary judgment dismissing the complaint as against them, unanimously dismissed, without costs, as subsumed in the judgment.

Plaintiff's submissions were sufficient to establish the existence of a question of fact as to whether he sustained a serious injury, as defined in Insurance Law § 5102 (d), which was causally related to the car accident of December 6, 1999. The August 15, 2001 report of Dr. Lubliner asserted that the December 6 accident caused an exacerbation of a previous condition of plaintiff's right knee, pointing to the differences in the preaccident operative report of November 26, 1999—reporting a normal patella and no defect in articular surface—and the postaccident operative report of April 28, 2000—reporting that the articular surface of plaintiff's patella had a grade III defect which required an arthroplasty of the patella. Dr. Lubliner stated that in his opinion the accident of December 6, 1999 was the cause of the grade III articular changes to the patella, of the need for surgery on April 28, 2000 and of the permanent weakness, atrophy and loss of durability related to the patella.

Additionally, the report of Dr. Krinick regarding his examination of plaintiff on April 3, 2000, which report he adopted as true and accurate in his November 5, 2002 affirmation, indicated that while the flexion-extension of plaintiff's left knee was normal at 0 to 150 degrees, the flexion-extension of plaintiff's right knee was 0 to 100 degrees. This test result also serves to substantiate plaintiff's claim of serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gonzalez v Vasquez*, 301 AD2d 438, 439 [2003]; *Ramos v Dekhtyar*, 301 AD2d 428, 429 [2003]). Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.