■ HENRY ROSARIO, Appellant, v UNIVERSAL TRUCK & TRAILER SERVICE INC., et al., Respondents. [779 NYS2d 1]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 12, 2002, which dismissed the complaint pursuant to an order, same court and Justice, entered February 20, 2002, granting defendants' motion for summary judgment, unanimously modified, on the law, to deny the motion with respect to defendant Carry Warren and to reinstate the complaint against him, and otherwise affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs.

Plaintiff was involved in a vehicular accident on November 3, 1998. He alleges that the impact caused him to hit his head and left shoulder against the car door and his knee against the dashboard. As a consequence, plaintiff alleges, he sustained a possible tear of the anterior cruciate ligament in his right knee, a herniation of the cervical spine at the C5-C6 level with a C5-C6 radiculopathy, a paracentral disc herniation of the lumbar spine

at the L5-S1 level, a rotator cuff impingement of the left shoulder and injuries to the surrounding soft tissue. Plaintiff claims that he was consequently incapacitated from employment as a taxi driver because he was unable to sit for long periods of time, and from performing substantially all of the material acts involved in his daily life—including walking with his children, playing sports, climbing stairs, lifting heavy objects, and sleeping without interference. Plaintiff also claims that he suffers constant pain, limitation in motion and discomfort in his neck, lower back, right knee and left shoulder, and that his knee often buckles as he walks. Contemporaneous medical documentation dated November 3, 1998 indicates that, after the accident, plaintiff was transported to a hospital where several of his complaints were noted in the medical record. Motrin was prescribed and plaintiff was discharged.

Medical records dated November 4, 1998 indicate that plaintiff was seen by Dr. Dundar Tuzun of Bronx Medical Services, P.C. At that time, "whiplash injury," resulting from the November 3rd accident, was diagnosed with numerous manifestations of injuries specified throughout the report. Physical therapy was prescribed and an MRI ordered. Dr. Tuzun treated plaintiff for several months, until August 1999. He reexamined plaintiff in August 2001. Generally, Dr. Tuzun diagnosed spinal sprains, cervical myofascitis, sprains of the left shoulder and right knee, lumbargia, lumbar myofascitis, lumbar disc herniation, lumbar disc syndrome, lumbosacral radiculopathy, cervical radiculopathy, cervical disc herniation, contusions of the ribs, sternum and head, postconcussion syndrome, headache and dizziness. Dr. Tuzun referred plaintiff to a chiropractor and an orthopedist, but plaintiff failed to follow up.

The motion court granted summary judgment dismissing the complaint against defendant Universal Truck & Trailer Service, Inc., finding that it did not own the truck involved in the accident, and against both defendants, finding that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d).

In support of the motion to dismiss as to Universal on ownership grounds, defendants produced a computer printout of the truck's Arkansas registration information, showing it was owned by Ryder Truck Rental, Inc. Plaintiff offered no evidence to refute the claim that Universal did not own the truck and does not challenge this finding on appeal. Accordingly, the dismissal of the action against Universal on the ground that it did not own the subject truck is affirmed.

As to serious injury, in support of the motion, defendants

submitted physicians' affirmations that sharply disputed plaintiff's claims of injuries. In opposition, plaintiff submitted Dr. Tuzun's affirmation dated August 21, 2001, which was also the date of the last treatment after a hiatus of two years. In his affirmation, Dr. Tuzun averred that, predicated on plaintiff's pain-free range of motion, plaintiff suffered deficits from a loss of range of motion of 33% in forward flexion, 30% in extension, and 20% in right and left rotation of the cervical spine. Dr. Tuzun also averred that, with regard to the lumbar spine, plaintiff suffered deficits from a loss of range of motion of 44% in forward flexion, 16% in extension, 25% in lateral flexion, 33% in right rotation and 16% in left rotation. Based on the MRI report, as interpreted by Dr. Robert Solomon, Dr. Tuzun concluded that plaintiff suffered a C5-C6 anterior disc herniation of two to three millimeters and that the MRI report confirmed his clinical diagnosis of a disc injury to the cervical spine. Moreover, based on Dr. Solomon's interpretation of the MRI report, Dr. Tuzun concluded that, with regard to the lumbar spine, there was an L5-S1 paracentral and left lateral disc herniation with lateral recess and left neural canal stenosis, which, he averred, confirmed his clinical diagnosis of a disc injury to the lumbar spine. Regarding the MRI report of plaintiff's right knee, as interpreted by Dr. Steven Prufer, Dr. Tuzun concluded that it indicated a suspected partial tear of the anterior cruciate ligament which, he concluded, confirmed his clinical findings of a ligamentous injury to the knee. Dr. Tuzun also averred that his review of the EMG study performed by a Dr. Asmamaw "gives an interpretation of an abnormal study consistent with a left C5-C6 radiculopathy, consistent with the disc herniation noted by Dr. Robert D. Solomon in his interpretation of the cervical MRI films and [his] clinical findings." Dr. Tuzun offered the opinion that, given the duration of the injury and the continued limitation of motion, these conditions were chronic, permanent and disabling, that plaintiff had suffered a permanent partial disability, and that he should avoid activities that involved lifting, carrying, pulling, pushing, leaning, bending or other activities that would aggravate his right knee, left shoulder or cervical or lumbar spine.

The issue under review is whether plaintiff's allegations are sufficiently supported by competent medical evidence so as to establish the "serious injury" threshold required by Insurance Law § 5102 (d). We conclude that the minimal requirements are satisfied. It is well established that "[i]n order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*Toure v*

*Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]). We have found that a physician's affirmation that "correlates plaintiff's neck and back pain two years after the accident to, inter alia, quantified range of motion limitations found on physical examination and bulging and herniated discs described in MRI reports, and opines that plaintiff's symptoms are permanent" suffices to raise an issue of fact precluding the grant of summary judgment (*Gonzalez v Vasquez,* 301 AD2d 438, 439 [2003]). That the MRI was unsworn is not fatal to the threshold showing of serious injury, insofar as the physician related his own observations and findings regarding the injuries and loss of range of motion (*Rice v Moses,* 300 AD2d 213 [2002]), especially since the defense experts affirmatively relied on the same documentation to challenge the injuries (*Toledo v A.P.O.W. Auto Repair/Towing,* 307 AD2d 233 [2003]). The appropriate weight to be accorded this affirmation, of course, is a matter of credibility for the jury to assess, as is the lapse of two years before the August 21, 2001 examination. Accordingly, the branch of the motion seeking to dismiss the action for plaintiff's failure to establish serious injuries as required by Insurance Law § 5102 is denied, and we reinstate the action against defendant Warren alone, the action having correctly been dismissed against Universal based on its lack of ownership.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on December 30, 2003 (2 AD3d 362) is hereby recalled and vacated. Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.