■ DON AKAMNONU, Respondent, v DALCHAND S. RODRIGUEZ, Appellant. [784 NYS2d 516]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered May 6, 2003, which denied defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendant waived any objection to the evidence plaintiff submitted in opposition to the motion for summary judgment, including the "affirmation" of plaintiff's chiropractor, by failing to contest its admissibility (see Sam v Town of Rotterdam, 248 AD2d 850, 851-852 [1998], lv denied 92 NY2d 804 [1998]). Therefore, we consider plaintiff's opposition on the merits (see Shinn v Catanzaro, 1 AD3d 195, 198 [2003]). Plaintiff offered two reports from his chiropractor which laid out the degree to which plaintiff's cervical and thoraco-lumbar ranges of motion were limited, and in which the chiropractor opined that plaintiff had suffered a "permanent impairment" which "preclud[ed] the possibility of complete restoration." These reports were supported by the results of an MRI. Plaintiff's submissions constituted objective evidence that he had sustained serious injury within the meaning of Insurance Law § 5102 (d), sufficient to raise a factual issue warranting denial of defendant's motion for summary judgment.

The dissent would make it plaintiff's burden to explain the gap of 2½ years between his initial visits to a chiropractor and his follow-up visit on January 8, 2003. While a medical expert in Manzano v O'Neil, one of the cases decided with Toure v Avis Rent A Car Sys. (98 NY2d 345, 355 [2002]), explained the reason for discontinuation of treatment, the failure to do so does not dictate summary resolution of the serious injury issue. A plaintiff is not required to explain why his treatment was not continuous, and lack of continuity does not determine as a matter of law whether he or she has suffered a "serious injury." Because a course of treatment is fact specific and is commensurate with the nature of the alleged injuries and the customary standard of care, the issue of a treatment gap bears only

upon the weight to be accorded the medical opinion, a matter which is clearly within the province of a jury (*see e.g. Rosario v Universal Truck & Trailer Serv.*, 7 AD3d 306 [2004]; *Williams v Parke*, 1 AD3d 240 [2003]; *Ramos v Dekhtyar*, 301 AD2d 428 [2003]; *Manrique v Warshaw Woolen Assoc.*, 297 AD2d 519, 520-521 [2002]; *Bitici v New York City Tr. Auth.*, 245 AD2d 157 [1997]; *Cassagnol v Williamsburg Plaza Taxi*, 234 AD2d 208 [1996]). Concur—Mazzarelli, Ellerin and Lerner, JJ.

Tom, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: I would reverse and grant defendant's motion for summary judgment on the grounds that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d).

As the motion court properly found, defendant met his initial burden of establishing a prima facie case that plaintiff's alleged injuries, suffered in an automobile accident on June 23, 2000, did not meet the requisite serious injury threshold. Plaintiff countered with an October 26, 2000 report of his chiropractor, who had treated him briefly from July 19, 2000 to September 18, 2000. Such report, which was prepared 15 days after defendant's doctor found no evidence of any spinal disability, opined that plaintiff was suffering permanent damage to the mechanical structure of the spine and suggested a poor recovery from this injury. The next time the chiropractor examined plaintiff was January 8, 2003, in response to defendant's summary judgment motion. Unlike *Manzano v O'Neil*, one of the cases decided with *Toure v Avis Rent A Car Sys., Inc.* (98 NY2d 345 [2002]), such gap in treatment was not explained by the chiropractor. In *Manzano*, the plaintiff's expert testified that, at the time of his last examination of plaintiff four years earlier, he concluded that plaintiff's injuries were permanent and there was no benefit in her continuing to seek medical treatment for that condition (*supra* at 355). Here, on the other hand, although the chiropractor originally recommended chiropractic care one to two times a month and continued home stretching and exercises, there is no evidence of any further chiropractic or medical treatment.

Plaintiff, who did not lose a day of work as a result of the accident, complained at that time of frequent neck and lower back pain and stiffness and recurrent right thumb pain and numbness, the latter being a complaint not mentioned in the October 26, 2000 report.

Aside from the fact that none of the evidence submitted by plaintiff in opposition to defendant's motion, including the chiropractor's "affirmation," was in admissible form, he offered

no objectively based medical explanation for either the paucity of his initial treatment or the 2½-year gap between his initial treatment and the subsequent report of his chiropractor. It is also impossible to tell from the chiropractor's last report whether plaintiff's alleged limitation of movement resulted from objective testing or merely amounted to a description of plaintiff's subjective complaints.

Under these circumstances, plaintiff's submissions failed to raise a material issue of fact sufficient to defeat defendant's motion for summary judgment.