■ KIMBERLY TOULSON et al., Respondents, v YOUNG HAN PAE et al., Appellants. [788 NYS2d 334]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 29, 2004, which denied defendants' motion for summary judgment dismissing the complaint for failure to meet the serious injury threshold requirement of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This personal injury action arises out of a December 15, 2000 automobile accident. Plaintiff Toulson, the operator of a motor vehicle, and her passengers, plaintiffs Wade and Hicks, were rear-ended by a vehicle owned and operated by defendants. The only issue before us on appeal is whether each of the plaintiffs has made a sufficient showing of sustaining a serious injury. All three plaintiffs were seen a few days after the accident in the office of Superior Medical Services and, after examination, were found to have range-of-motion restrictions. According to their proofs, Toulson sustained disc herniations at C5-6 and L4-5 and disc bulges at C6-7 and L3-4, with accompanying neurological sequelae and restriction of motion. Wade sustained disc herniations at C4-5, C5-6 and L5-S1 with disc bulges at C3-4, L3-4 and L4-5 and accompanying neurological sequelae in the cervical and lumbar spine and extremities. Hicks sustained disc bulges from L2-3 through L5-S1 with neurological sequelae and grade II "signal" in the posterior horn of the right medial meniscus, along with patellar chondromalacia.

In support of their motion for summary judgment dismissing the complaint, defendants annexed affirmations from their examining orthopedist and neurologist, as well as an affirmation from a radiologist who reviewed MRI films of Toulson and Hicks. Dr. Weiss, an orthopedist, examined each of the plaintiffs on behalf of defendants, reviewed their medical records and conducted an orthopedic examination. In Toulson's case, she claimed injury to her neck, back, right shoulder and left leg and the loss of two days of work. After testing her range of motion of neck and head by observing her mobility in extension and forward flexion as well as right and left lateral bending and rotation, Dr. Weiss found no restriction of motion or accompanying discomfort. In the case of Hicks, who claimed to have lost a day or two of work and complained of pain in the right knee that hurts "everyday," Weiss found a full range of motion of the right knee and straight leg raising that could be easily carried out to 90 degrees without discomfort. Each plaintiff was

diagnosed with sprains from which he or she had recovered. On a review of Toulson's cervical and lumbar spine MRIs, the radiologist confirmed a small disc herniation at C5-6 without impingement. The disc's desiccation, however, suggested that it was of degenerative origin. As to Hicks, the radiologist's findings were normal.

In opposition, plaintiffs submitted the affidavits of a specialist in the field of physical and rehabilitation medicine, Dr. Bash, of Superior Medical Services, as well as a letter report and affidavits from a radiologist attesting to the injuries, as noted. Supreme Court, in denying the motion, found that all three plaintiffs raised triable issues of fact. We reverse.

Plaintiffs' submissions with respect to their claims of spinal range-of-motion limitations suffer from the lack of any contemporaneous qualitative evidence of such restriction. Although each plaintiff was seen and examined a few days after the accident by a physician at Superior Medical Services and found to have range-of-motion restrictions, nowhere in Dr. Bash's affidavits is there any quantification of those limitations. Dr. Bash's affidavit speaks of a range-of-motion limitation for Toulson in the context of her July 24, 2003 consultation, 2½ years after the accident. The first quantification by Dr. Bash of a range-of-motion limitation for Wade's lumbar and cervical spine comes from an examination by Dr. Morgenstern of Dr. Bash's office on May 7, 2001, six months after the accident. The same occurred with respect to Hicks. These results, based on unattached and unsworn reports, are hearsay. Given the absence of admissible contemporaneous evidence of a serious injury, plaintiffs' proof is insufficient to show a serious injury (*see Pommells v Perez*, 4 AD3d 101 [2004]). In this connection, we also note that a finding of bulging and herniated discs, by itself, does not establish a prima facie case of serious injury (*Noble v Ackerman*, 252 AD2d 392, 394 [1998]).

Moreover, Superior Medical Services' testing and treatment of plaintiffs terminated in mid-2001. None of the plaintiffs was again seen at that office until July 24, 2003, after the instant motion for summary judgment was brought, when all three were examined. This two-year gap in treatment, nowhere explained or justified, is a factor that goes well beyond the question of the weight of the evidence and further supports dismissal of the complaint. Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.