■ STEPHANIE ATKINSON, Respondent, v EUGENE OLIVER, JR., Defendant, and OLDRI B. PINEDA-LUGO, Appellant. [830 NYS2d 30]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered January 18, 2006, which denied defendant Pineda-Lugo's motion for summary judgment to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of said defendant dismissing the complaint as against him.

Plaintiff's injury was sustained while she was a passenger in a taxi that rear-ended a vehicle driven by Pineda-Lugo. That driver satisfied his burden on summary judgment by presenting a prima facie case that plaintiff suffered no serious injury pursuant to Insurance Law § 5102 (d); his expert reviewed plaintiff's MRI reports and examined plaintiff a year after her injuries to assess quantitative range-of-motion limitations, finding none. On the other hand, plaintiff failed to raise a triable issue of material fact as to whether her injury was a serious one. While she submitted evidence of various injuries and pain in the cervical spine, lumbar spine, left shoulder, leg and lower back that allegedly caused her to be unable to resume employment for 104 days, she failed to submit the requisite contemporaneous quantitative assessment of range-of-motion limitations based on objective testing (see Toulson v Young Han Pae, 13 AD3d 317 [2004]; see also Pommells v Perez, 4 NY3d 566 [2005], affg 4 AD3d 101 [2004]). The quantitative range-of-motion assessment she did submit was made two years after the accident,

apparently for purposes of litigation, by a physician who examined her only on that one occasion (*see Vaughan v Baez*, 305 AD2d 101 [2003]; *compare Silva v Vizcarrondo*, 31 AD3d 292 [2006] [plaintiff met "minimal standard" to substantiate her serious injury claim where her expert, who began treatment for her injuries shortly after the accident, made the quantified assessment 17 months later]). Plaintiff's treating physician never made such an assessment, and diagnosed her as merely suffering soft tissue injuries.

Plaintiff also failed to establish that she was incapacitated from performing substantially all of her usual and customary activities for at least 90 of the first 180 days after the accident. The record is devoid of proof concerning how her injuries limited her daily activities or caused her alleged inability to work at a desk job for approximately three months. Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.