■ CARLOS GONZALEZ, Respondent, v A.V. MANAGING, INC., et al., Appellants. [829 NYS2d 70]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 13, 2005, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" as defined in Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed.

The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff stated at his deposition in October 2004 that he stopped treatment because "[d]octors told me they couldn't do no further," and in his affidavit in May 2005 that he "stopped receiving medical treatment because the pain became permanent and the therapy was not helping anymore." In view, however, of statements to the contrary by his physician and in his appellate argument that further treatment was indicated, plaintiff's explanation for the cessation of treatment is legally insufficient (*see generally Pommells v Perez*, 4 AD3d 101 [2004], *affd* 4 NY3d 566 [2005]). His deposition statement that one of the reasons he terminated treatment was that "insurance wouldn't cover it any further" is in conflict with the other explanations plaintiff offered for the cessation of treatment. Moreover, his records at the facility where he was treated, and at which he had range-of-motion studies performed about four months after his accident, show that plaintiff's cervical range for flexion was at 100%, and right and left lateral were at 106.67% and 111.11% of normal. His lumbar range for flexion was at 105%, and right and left lateral were at 120% and 112% of normal. Those tests thus confirm that plaintiff's condition was indeed normal. In light of the various and conflicting statements in the record regarding the cessation of treatment, we reject plaintiff's explanation. Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.