■ CASEY DeSOUZA, Appellant, v EUGENE M. HAMILTON et al., Respondents. [866 NYS2d 20]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered June 19, 2007, which granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

No issue of fact as to permanence or significance is raised by plaintiff's physician's March 27, 2007 affirmation in opposition discussing and attaching contemporaneous reports of his examinations of plaintiff on February 1, 2005, three days after the accident, June 3, 2005, and March 2, 2007. Although the affirmation states that plaintiff ceased treatment on June 3, 2005,

after four months of physical therapy, by which time plaintiff "had reached the maximum benefit of therapeutic treatment for her [disc] injuries," such that any further treatment would have been merely "palliative," the June 3, 2005 contemporaneous report recommended that plaintiff continue physical therapy three times a week. "[A] plaintiff who terminates therapeutic measures following the accident . . . must offer some reasonable explanation for having done so" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Here, the explanation offered contradicts the earlier recommendation to continue physical therapy, and cannot be accepted under the circumstances presented (*see Gonzalez v A.V. Managing, Inc.*, 37 AD3d 175 [2007]). In addition, there is no medical evidence substantiating plaintiff's claim that a prior injury to her left shoulder had resolved by the time of the accident (*see Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [2007]), and no objective medical evidence whatsoever of a serious injury to plaintiff's right knee. Plaintiff's 90/180 day claim lacks medical substantiation of her claim that her injuries were such as to require her confinement to home for some four months following the accident (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]). Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.