■ CRISMARY MENDEZ, an Infant, by Her Mother and Natural Guardian, CHRISTINA DAVIS, et al., Respondents, v ELIDO A. MENDEZ, Appellant. [897 NYS2d 102]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered September 28, 2009, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the infant plaintiff's claims of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system, unanimously affirmed, without costs.

Defendant established prima facie that plaintiff suffered no permanent consequential limitation of use of any body organ or member or significant limitation of use of a body function or system through the affirmed reports of his experts, who examined plaintiff and found full ranges of motion in her cervical and lumbar spine and left ankle, and opined that the sprains in those areas of her body had resolved and that she had no permanent injury (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, plaintiff raised an issue of fact through the affirmations of her experts and her MRI reports. The experts opined that plaintiff suffered permanent injuries that were caused by the car accident. They provided range of motion measurements as well as the results of other tests they performed, and they examined plaintiff shortly after the accident and again in 2008 (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353, 355 [2002]). Plaintiff's experts also explained any gap in her treatment by stating that she had reached the maximum benefit possible from the treatment (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]).

The fact that the MRI reports of plaintiff's ankle and cervical spine were unsworn does not avail defendant, since plaintiff's experts related their own observations and findings as to her injuries and range of motion limitations (*see Rosario v Universal Truck & Trailer Serv.*, 7 AD3d 306, 309 [2004]). Moreover, plaintiff's expert neurologist reviewed the MRI films and concurred with the findings in the reports. Concur—Gonzalez, P.J., Tom, Friedman, McGuire and Abdus-Salaam, JJ.