■ JANELLE MARTIN, Respondent, and RADAMES ACEVEDO, Appellant, v NANCI SCHWARTZ, Respondent. [766 NYS2d 13] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 26, 2002, which granted the motion of plaintiff, defendant on the counterclaim, and the cross motion of defendant for summary judgment and dismissed the complaint and counterclaim, unanimously reversed, on the law, without costs, the motion denied, said pleadings reinstated and the matter remanded for further proceedings.

On November 11, 1999, plaintiff Radames Acevedo was a passenger in a car owned and operated by plaintiff Janelle Martin when a collision occurred with a car owned and operated by defendant Nanci Schwartz. Martin and Acevedo brought this action for injuries allegedly suffered by each of them against Schwartz, who, in addition to denying the essential allegations of the complaint, counterclaimed against Martin, claiming that any injuries that may have been suffered by Acevedo were caused primarily and principally by Martin's negligence. Martin moved for summary judgment dismissing the counterclaim on the grounds that her coplaintiff Acevedo did not suffer any "serious injury" as defined by New York's

No-Fault Law (Insurance Law § 5102 [d]). Defendant Schwartz subsequently cross-moved for summary judgment dismissing Acevedo's complaint on the same grounds. The motion court granted the motion and cross motion and dismissed Acevedo's complaint as well as defendant Schwartz's counterclaim against Martin. Acevedo appealed.

New York's No-Fault Insurance Law precludes a right of recovery for any "non-economic loss, except in the case of a serious injury, or for basic economic loss" (Insurance Law § 5104 [a]). Any injury not falling within the definition of "serious injury" is, by necessity, considered minor, and a trial by jury is not permitted under the no-fault system (*Licari v Elliott*, 57 NY2d 230, 235 [1982]). Whether a claimed injury meets the statutory definition of a "serious injury" is a question of law which may properly be decided by the court on a motion for summary judgment (*Licari v Elliott,* 57 NY2d at 237). Once the proponent of a motion for summary judgment has presented a prima facie case that the plaintiff's claimed injury is not "serious" as defined in the statute, the burden shifts to plaintiff to demonstrate that he did sustain such an injury or that there are questions of fact as to whether his injury was "serious." Objective proof of the nature and degree of a plaintiff's injury is required to satisfy the statutory serious injury threshold (*Dufel v Green*, 84 NY2d 795, 798 [1995]).

We agree with the motion court that plaintiff Martin and defendant Schwartz met their initial burden of demonstrating that plaintiff Acevedo had not sustained a serious injury within the statutory definition by the submission of affirmed reports by a neurologist, two orthopedists and a chiropractor, all of whom examined Acevedo and reported that, contrary to his claims, he exhibited no radiculopathy and had a full range of motion in his cervical and lumbar spines. However, Acevedo presented a properly affirmed report by a neurologist, Dr. Krishna, which contradicts the conclusions of the movants' experts. The motion court discounted Dr. Krishna's report because the details of Dr. Krishna's examination of Acevedo were not explained and because his report was substantially similar to the unsworn (and thus inadmissible [*see* CPLR 2106]) report of a chiropractor. However, Dr. Krishna's report makes reference to an MRI of Acevedo's spine and includes conclusions and recommendations that are not in the chiropractor's report. The Court of Appeals has instructed that an expert's qualitative assessment of the seriousness of a plaintiff's injury may be sufficient to defeat summary judgment if it is "supported by objective evidence" (*Toure v Avis Rent A Car Sys.*, 98

NY2d 345, 351 [2002]). Dr. Krishna's report satisfies the *Toure* criteria, even with the infirmities noted by the motion court. Those may be the subject of cross-examination of Dr. Krishna and may have an impact upon the weight to be accorded Dr. Krishna's conclusions. But those deficiencies do not resolve or eliminate the disputed factual issue as to whether Acevedo did or did not sustain a "serious" injury within the meaning of New York's No-Fault Law. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.