■ JAMES R. SHINN et al., Respondents, v PHYLLIS A. CATANZARO, Appellant, et al., Defendants. [767 NYS2d 88]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered on or about December 6, 2002, which, to the extent appealed from, denied defendant-appellant's cross motion for summary judgment seeking dismissal of the complaint for failure to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the cross motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiffs commenced the instant action for personal injuries after the car in which they were riding on February 5, 1997 was struck from behind by a car driven by defendant. In their complaint, both plaintiffs allege that they sustained serious injury as defined by Insurance Law § 5102 (d).

In June 2002, defendant moved for summary judgment on the ground that neither plaintiff had met the serious injury threshold. In support of the motion, defendant attached the sworn affirmation of a chiropractor, Dr. Gary Cohen, who examined both plaintiffs in May 2002 at defendant's request. Based on his examinations and a review of prior reports, Dr. Cohen diagnosed both plaintiffs with "cervical, thoracic and lumbar strain/sprain-resolved," and concluded that both plaintiffs were presently capable of performing all daily activities without physical restriction or limitation.

Defendant also submitted the sworn affirmation of a radiologist, Dr. Audrey Eisenstadt, who reviewed a lumbar MRI of plaintiff James Shinn, performed on April 9, 1997, two months after the accident. Although Dr. Eisenstadt noted a "dessication or drying out" of disc material at the L4-5 level, and a disc herniation at the L3-4 level, she concluded that the disc abnormalities were not traumatically induced, but rather were the result of preexisting degenerative conditions.

In opposition to defendant's motion, plaintiffs submitted an unsworn "Physician's Affidavit" and narrative report of their examining chiropractor, Dr. Gary Palmieri, who examined plaintiffs for the first time in 2002, as well as unsworn MRI and chiropractors' reports from 1997. Dr. Palmieri stated that the 2002 MRI films revealed that both plaintiffs had disc herniations at the C3-4 and C4-5 levels; that such findings were consistent with the patients' 40% restricted range of motion, orthopedic testing and subjective complaints of pain; and that these injuries were directly caused by the February 1997 auto accident.

The motion court denied defendant's summary judgment motion, finding that plaintiffs' evidence raised a triable issue of fact as to the serious injury threshold "even if only by the slightest margin." We reverse.

"[A] defendant can establish that [a] plaintiff's injuries are not serious within the meaning of Insurance Law § 5102 (d) by submitting the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claim" (*Grossman v Wright*, 268 AD2d 79, 83-84 [2000]). If this initial burden is met, "the burden shifts to the plaintiff to come forward with evidence to overcome the defendant's submissions by demonstrating a triable issue of fact that a serious injury was sustained within the meaning of the Insurance Law" (*id.* at 84).

We find that defendant met her initial burden by making a prima facie showing that plaintiffs did not sustain serious injury under Insurance Law § 5102 (d) (*see Martin v Schwartz*, 308 AD2d 318 [2003]). Defendant submitted Dr. Cohen's sworn affirmation stating that after examining plaintiffs and reviewing their respective medical records, he concluded that neither plaintiff was seriously or permanently injured. Additionally, Dr. Eisenstadt's report reveals that plaintiff James Shinn's disc abnormalities were the result of preexisting degenerative conditions, and thus not causally related to the February 1997 accident. This evidence, submitted in proper form, was sufficient to establish prima facie entitlement to dismissal for failure to meet the serious injury threshold (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Vaughan v Baez*, 305 AD2d 101 [2003]; *Duldulao v City of New York*, 284 AD2d 296, 297 [2001]).

In contrast, the unsworn affirmation and medical reports submitted by plaintiffs in opposition were not in admissible form (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]). Specifically, the "affirmation" of Dr. Palmieri, a chiropractor, was not competent evidence since it was not subscribed before a notary or other authorized official (*see Grossman v Wright*, 268 AD2d at 85). As we have previously held: "CPLR 2106 does not provide that a chiropractor may affirm the truth of his statement with the same force as an affidavit. Plaintiff's failure to submit the chiropractor's report in admissible form requires its exclusion from consideration" (*Sanchez v Romano*, 292 AD2d

202, 203 [2002]; *see also Martin v Schwartz, supra*; *Ramos v Dekhtyar*, 301 AD2d 428, 429 [2003]).*

However, as plaintiffs correctly note, defendant raised this argument concerning the form of Dr. Palmieri's affirmation for the first time on this appeal, and therefore it is unpreserved for appellate review. Such failure to raise this issue before the motion court constitutes a waiver of any objection (*see Scudera v Mahbubur*, 299 AD2d 535 [2002]; *Sam v Town of Rotterdam*, 248 AD2d 850, 851-852 [1998], *lv denied* 92 NY2d 804 [1998]), and we consider plaintiffs' opposition on the merits.

In order to prove the extent or degree of physical limitation, an expert may designate a numeric percentage of a plaintiff's loss of range of motion or may make a qualitative assessment of plaintiff's condition, provided that the latter evaluation has an objective basis and compares the plaintiff's limitations to the normal use of the affected body system or function (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Dufel v Green*, 84 NY2d 795, 798 [1995]). Here, Dr. Palmieri's affirmation satisfies these requirements by demonstrating that the 2002 MRI tests performed on both plaintiffs' cervical spines revealed disc herniations and that testing showed that each plaintiff had a 40% restriction on range of motion of the cervical spine.

What plaintiffs' submissions fail to do, however, is demonstrate that the cervical disc herniations or any other serious injury suffered by plaintiffs are causally related to the February 1997 accident. The record shows that after the accident, plaintiffs did not miss any work except a few hours for medical appointments. They received chiropractic treatment for approximately nine months after the accident, and, according to the unsworn chiropractor's reports from 1997, they both had some limitations of range of motion in the cervical and lumbar spine. However, neither of them was diagnosed with cervical disc herniations. Moreover, despite a 1997 MRI showing James Shinn as having herniated and bulging discs in his lumbar spine, plaintiffs failed to address defendant's medical evidence attributing those injuries to preexisting degenerative conditions (*see Lorthe v Adeyeye*, 306 AD2d 252 [2d Dept 2003]).

It was not until June 2002, after plaintiffs became aware of defendant's intent to cross-move for summary judgment based on the lack of serious injury, that plaintiffs recommenced chiropractic treatment with Dr. Palmieri. Only then, after a 4½-year

---

* Although the affirmation of defendant's chiropractor, Dr. Cohen, was also unauthorized under CPLR 2106, the document was admissible since it also met the requirements of an affidavit—it was sworn to before a notary public.

lapse in treatment, did Dr. Palmieri discover herniated discs on both plaintiffs' cervical spines. Given this 4$^1$/$_2$-year unexplained gap in treatment (*see Vaughan v Baez*, 305 AD2d 101 [2003]; *Melendez v Feinberg*, 306 AD2d 98, 99 [2003]; *Grossman v Wright*, 268 AD2d 79, 84 [2000]), and the fact that the herniated discs were not diagnosed until five years after the accident (*see Arrowood v Lowinger*, 294 AD2d 315, 316 [2002]), we find that Dr. Palmieri's opinion that these injuries are causally related to the February 1997 accident is conclusory and fails to raise a triable issue of fact as to causation.

We also reject plaintiffs' argument that the motion court's finding in their favor on liability necessarily includes a finding that plaintiffs sustained serious injury. In the first instance, the argument is factually flawed, as the court never found for plaintiffs on liability. Although the court did find defendant at fault for purposes of dismissing her counterclaim against plaintiff James Shinn, it did not make any finding of fault with respect to plaintiffs' direct claims.

In any event, even had a finding of fault been made against defendant on plaintiffs' direct claims, the threshold question of serious injury is a separate one that would still have to be resolved before proceeding to damages (*see Reid v Brown*, 308 AD2d 331 [2003], overruling *Maldonado v DePalo*, 277 AD2d 21 [2000] and *Porter v SPD Trucking*, 284 AD2d 181 [2001] [defendant's default on plaintiff's summary judgment motion, which raised only issue of fault and not serious injury, did not resolve serious injury question]). Concur—Nardelli, J.P., Sullivan, Rosenberger and Gonzalez, JJ.