■ JARMAR THORNER, Appellant, v BRIAN K. LATTURE, Respondent. [782 NYS2d 750]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated August 13, 2003, which granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the complaint is reinstated, and the motion is granted.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Although the defendant's examining physician stated that he found no permanency or disability on his examination of the plaintiff, the body of his report refuted this statement. The physician recorded and quantified specific restrictions in motion of the plaintiff's left shoulder and right knee, which in fact supported some of the findings made by the plaintiff's own physicians. Accordingly, the Supreme Court erred in granting the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The plaintiff in this case was the passenger in a car struck in the rear by the defendant's vehicle. It is well settled that "a rear-end collision with a stopped vehicle establishes a prima facie case of liability against the [driver and owner of] the moving vehicle and imposes a duty of explanation on its driver" (see *Krakowska v Niksa*, 298 AD2d 561 [2002]; *Vidal v Tsitsiashvili*, 297 AD2d 638 [2002]). Since the defendant did not oppose the plaintiff's motion for summary judgment on the issue of liability, the plaintiff's motion should be granted. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.