■ LISA McDOWALL, Respondent, v DIONICIO ABREU et al., Appellants. [782 NYS2d 866]—

In an action to recover damages for personal injuries, the de-

fendant Dionicio Abreu appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated August 11, 2003, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Angel Hernandez separately appeals, as limited by his brief, from so much of the same order as denied his separate motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

Where a defendant fails to meet his or her initial burden of establishing a prima facie case that the plaintiff did not sustain a serious injury, "it is not necessary to consider whether the plaintiffs' papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact" (*Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *see Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851,853 [1985]). The defendants' examining doctor found that the plaintiff continued to have restrictions in motion of her lower back approximately 1½ years after the accident. In light of this finding by the defendants' expert, the defendants did not meet their initial burdens on their separate motions (*see Meyer v Gallardo*, 260 AD2d 556, 557 [1999]; *Cesar v Felix*, 181 AD2d 852, 853 [1992]).

Accordingly, the Supreme Court properly denied the defendants' separate motions for summary judgment dismissing the complaint. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.