Eutelia Corina Cortez, Appellant, v Manhattan Bible Church et al., Respondents. [789 NYS2d 117]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered November 24, 2003, which granted the motion by defendants Wheels, Inc. and Hickman and the cross motion by defendants Manhattan Bible Church and Rengifo for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was a passenger in the Church vehicle, operated by Rengifo, when it was struck by the Wheels vehicle, operated by Hickman. She did not seek treatment for her purported injuries until six days later, complaining of pain and nausea. Over the next eight months, all treatment was performed at American Chiropractic in Manhattan, or by referrals to other chiropractors or physicians. Following discovery, summary judgment was granted based on plaintiff's failure to establish a causal relationship between her alleged injuries and the accident.

Defendants met their initial burden on the summary judgment motion. Plaintiff then failed to come forward with sufficient proof establishing a triable issue of fact on whether she had sustained a serious injury within the meaning of the Insurance Law § 5102 (d). None of the evidence constituted objective proof that plaintiff's injuries had been caused by the accident (*see Vaughan v Baez*, 305 AD2d 101 [2003]). "Objective proof of the nature and degree of a plaintiff's injury is required to satisfy the statutory serious injury threshold" (*Martin v Schwartz*, 308 AD2d 318, 319 [2003]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351 [2002]). Disc bulges and herniations, standing alone, are simply not enough to meet that threshold (*see Arjona v Calcano*, 7 AD3d 279 [2004]). There is no objective proof concerning the extent or degree of any physical limitation, such as an expert's designation of a numeric percentage of her loss of range of motion (*see Toure*, 98 NY2d at 350), to demonstrate that injuries allegedly attributable to the accident have at all restricted her physical abilities and general lifestyle. Concur—Andrias, J.P., Saxe, Ellerin, Sweeny and Catterson, JJ.