■ CESAR SERVONES et al., Appellants, v JUAN TORIBIÒ et al., Defendants, and LUIS CRUZ, Respondent. [798 NYS2d 58]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 16, 2004, which, to the extent appealed from as limited by the briefs, granted defendant Cruz's motion for summary judgment dismissing the complaint on the grounds that neither plaintiff suffered serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the complaint reinstated with respect to plaintiff Joseph's claim against Cruz, and otherwise affirmed, without costs.

Defendant Cruz's examining physicians found that plaintiff Janot Joseph (identified in the record as Joseph Gavot) continued to have significant restrictions in motion, evidenced by range-of-motion calculations, approximately two years after the accident. These findings alone raise an issue of fact as to whether Joseph suffered a significant limitation of a body function or system, and refute the physicians' statements that Joseph's examinations revealed no significant limitation or disability (*McDowall v Abreu*, 11 AD3d 590 [2004]; *see also Thorner v Latture*, 11 AD3d 448 [2004]).

Defendant Cruz did establish a prima facie showing of no serious injury with respect to plaintiff Servones by submitting admissible proof that Servones had full range of motion in his cervical spine, despite the existence of an MRI report which showed herniated and bulging discs (*see Meely v 4 G's Truck Renting Co., Inc.*, 16 AD3d 26 [2005]). Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.