■ CAROL ANN THOMAS, Appellant, v LEONARD SMITH et al., Respondents. [808 NYS2d 745]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated October 19, 2004, which granted the separate motions of the defendants, Leonard Smith and Foumba Limo Car Service and Rental Corp., Cory Jenkins and Clifford Jenkins, and Salvator Cento, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *cf. Gaddy v Eyler*, 79 NY2d 955, 957 [1992]). The opinions of the defendants' examining physicians were belied by those physicians' own findings of the plaintiff's restrictions of range of motion, which, when compared to the normal range of motion, contradicted their conclusions that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see Kaminsky v Waldner*, 19 AD3d 370, 371 [2005]; *McDowall v Abreu*, 11 AD3d 590, 591 [2004]). In light of the defendants' failure to meet their initial burden, we need not consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Black v Robinson*, 305 AD2d 438, 439 [2003]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' separate motions for summary judgment. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.