■ JUAN QUEZADA, Appellant, v JOSE G. LUQUE et al., Respondents. [810 NYS2d 463]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered January 19, 2005, dismissing the complaint pursuant to an order, same court and Justice, entered January 5, 2005, which, inter alia, granted defendants' motion for summary judgment, unanimously affirmed, without costs.

While the MRI taken two days after the April 2000 accident shows disc herniations, and the EMG studies performed in December 2000 show motor axon degeneration, they fail to raise an issue of fact as to whether plaintiff suffered a significant limitation of use of a body function or system in the face of defendants' prima facie showing that plaintiff had full ranges of motion in June 2004 and any injuries suffered in the car accident had fully resolved (see Smith v Brito, 23 AD3d 273 [2005]). The affidavit of plaintiff's treating physician, sworn to in December 2004 and reporting various losses in range of motion found on a physical examination performed in December 2000, is similarly stale given no explanation for the lack of treatment thereafter (see Pommells v Perez, 4 NY3d 566, 574 [2005]).

Nor do plaintiff's unsubstantiated statements suffice to raise an issue of fact as to whether he was unable to perform substantially all of his customary and daily activities for 90 of the 180 days following the accident (*see Arrowood v Lowinger*, 294 AD2d 315, 316-317 [2002]). Concur—Buckley, P.J., Andrias, Saxe, Friedman and Williams, JJ.