(March 7, 2006)

■ LYLENE FLORES, Respondent, v DEZREEN LESLIE et al., Defendants, and YUTAKA OTSUKA, Appellant. [810 NYS2d 464]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about April 11, 2005, which denied defendant-appellant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The Court of Appeals has often observed that the " 'legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries' " (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002], quoting *Dufel v Green*, 84 NY2d 795, 798 [1995]). The issue of whether an alleged injury falls within the statutory definition of a "serious injury" can be a question of law for the courts which may be decided on a motion for summary judgment (*Licari v Elliott*, 57

NY2d 230, 237 [1982]; *Martin v Schwartz*, 308 AD2d 318, 319 [2003]). The initial burden falls on the proponent of a motion for summary judgment to set forth a prima facie case that the injury is not "serious." Once the movant has established a prima facie case, the burden then shifts to the plaintiff to demonstrate, by the submission of objective proof of the nature and degree of the injury, that he/she did sustain such an injury, or that there are questions of fact as to whether the purported injury was "serious" (*Toure, supra* at 350; *Cortez v Manhattan Bible Church*, 14 AD3d 466 [2005]).

Initially, we find that defendant shouldered his burden of proof that plaintiff did not sustain a serious injury, within the statutory definition, by the submission of a sworn report from Dr. Richard Romano, a chiropractor, who examined plaintiff and reviewed various diagnostic test results as well as reports from other physicians who had also examined plaintiff. Dr. Romano found, inter alia, no restrictions in plaintiff's ranges of motion in her cervical spine, and concluded she had no chiropractic disability related to the automobile accident in question. An MRI dated one month after the accident revealed a normal lumbosacral spine and mild herniated disc at C5-6. Defendant also submitted a report from Laurence Steve, a physical therapist, dated approximately one and one-half years prior to the accident, in which he states that at that time, plaintiff had lower back pain which had worsened over the prior two years despite treatment by a chiropractor. Steve also referred to an MRI which indicated that plaintiff had a bulging disc in her lumbar spine, and noted that she was having difficulty at work because of her condition. A later report by Steve indicates that plaintiff had back surgery and was continuing therapy.

Plaintiff, in opposition, failed to rebut defendant's prima facie showing that she did not sustain a serious injury as the result of the subject accident. The unsworn report of Dr. Donna DeRosa, a chiropractor, discusses plaintiff's subjective complaints, including lower back pain, notes that plaintiff has no difficulty performing various squats and strides and is not in any acute distress, and states that plaintiff's range of motion tests are at or close to normal. In sum, Dr. DeRosa's report does not identify any injuries which qualify as a "serious" injury within the meaning of Insurance Law § 5102 (d).

Plaintiff also submitted the sworn report of Dr. Thomas Colavito, a chiropractor, which contradicts Dr. DeRosa's report in a number of areas, and which delineates a great deal more subjective complaints and more restricted ranges of motion. None of plaintiff's submissions, however, adequately address

plaintiff's serious and debilitating preexisting back condition, or how plaintiff's current problems, in light of her past medical history, are causally related to the accident (*see Knoll v Seafood Express*, 5 NY3d 817 [2005]; *Franchini v Palmieri*, 1 NY3d 536 [2003]). Indeed, Dr. Colavito states that plaintiff had no prior history of such complaints.

Accordingly, plaintiff's submissions are insufficient to defeat defendant's summary judgment motion. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.