■ JON RUBENSCCASTRO, Respondent, v STEPHANIE ALFARO et al., Appellants, and ANNETTE RUIZ et al., Respondents. [815 NYS2d 514]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 24, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The

Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This is a personal injury action which arises out of a motor vehicle accident that occurred on September 11, 2002. Plaintiff Jon Rubensccastro was a passenger in a vehicle owned by defendants Annette and Victor Ruiz. The vehicle was struck by a car owned and operated by defendants-appellants Stephanie and Hilda Alfaro.

In May 2003, plaintiff was examined by Dr. Shields who concluded that plaintiff suffered a permanent injury. It is uncontested that plaintiff has received no medical treatment in the three years since he was seen by Dr. Shields.

The Court of Appeals has often stated that the "legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002], quoting *Dufel v Green*, 84 NY2d 795, 798 [1995]). The issue of whether a claimed injury falls within the statutory definition of a "serious injury" is a question of law for the courts in the first instance, which may be decided on a motion for summary judgment (*Licari v Elliott*, 57 NY2d 230, 237 [1982]; *Martin v Schwartz*, 308 AD2d 318, 319 [2003]).

Once the proponent of a motion for summary judgment has set forth a prima facie case that the claimed injury is not serious, the burden shifts to the plaintiff to demonstrate, by the submission of objective proof of the nature and degree of the injury, that he/she did sustain such an injury, or that there are questions of fact as to whether the purported injury was "serious" (*Toure*, 98 NY2d at 350; *Cortez v Manhattan Bible Church*, 14 AD3d 466, 467 [2005]; *Martin v Schwartz, supra*).

However, "even where there is objective medical proof, when additional contributory factors interrupt the chain of causation between the accident and claimed injury—*such as a gap in treatment* . . . summary dismissal of the complaint may be appropriate" (*Pommells v Perez*, 4 NY3d 566, 572 [2005] [emphasis added]).

In the instant case, plaintiff's expert fails to explain or even address the more than 18-month gap in medical treatment. This failure is fatal to plaintiff's case under *Pommells*. Therefore, defendants' motion for summary judgment must be granted and the action dismissed (*Perez v Rodriquez*, 25 AD3d 506 [2006]; *Toussaint v Claudio*, 23 AD3d 268 [2005]). Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.