■ YVONNE STYLE, Respondent, v CHRISTOPHER K. JOSEPH, Appellant, et al., Defendant. [820 NYS2d 26]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered June 30, 2005, which denied defendant Joseph's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Christopher K. Joseph dismissing the complaint.

On February 26, 2001, plaintiff took a livery cab driven by defendant to a Bronx hospital. The vehicle arrived at the hospital without incident. However, as plaintiff started to get out of the vehicle, defendant, operating under the misapprehension that plaintiff had completely exited, began to pull away. At the moment the vehicle began to pull away, plaintiff's right leg was extended out of the vehicle and her right foot was on the pavement. Plaintiff's right foot was dragged along the pavement approximately three car lengths before defendant stopped the vehicle. Plaintiff allegedly sustained injuries to her left shoulder, left leg, neck and back as a result of this accident.

Two days after the accident, plaintiff sought treatment at a Bronx hospital emergency room for the injuries allegedly sustained during the accident. X rays of plaintiff's left leg and left shoulder were negative. Plaintiff was diagnosed with pulled muscles, and discharged with instructions to rest and take Motrin and Tylenol. Plaintiff subsequently received chiropractic, orthopedic and neurological care for her complaints.

Plaintiff commenced this action against defendant to recover damages for personal injuries she allegedly sustained as a result of the February 26, 2001 accident. Plaintiff alleged that, as a result of the accident, she sustained serious injury within the meaning of Insurance Law § 5102 (d), namely a "permanent consequential limitation of [the] use of a body organ or member" or a "significant limitation of [the] use of a body function or system." Defendant moved for summary judgment dismissing the complaint, arguing that plaintiff did not sustain any such limitations. Supreme Court denied the motion, finding that, because defendant's expert failed to discuss two MRI reports indicating that plaintiff had sustained bulging and herniated discs, defendant failed to meet his initial burden on the motion. This appeal ensued.

Supreme Court erred in determining that defendant failed to make a prima facie showing of entitlement to judgment as a matter of law. Defendant bore the initial burden of setting forth a prima facie case that the injuries sustained by plaintiff are not "serious" (see Flores v Leslie, 27 AD3d 220 [2006]). Based upon multiple objective tests performed during his examination of plaintiff, defendant's expert affirmed that plaintiff has normal range of motion in her cervical and lumbar spine and both shoulders.* This expert also affirmed that plaintiff suffered no disabilities as a result of the subject accident. Therefore, defendant satisfied his initial burden on the motion, notwithstanding the existence of MRI reports indicating that plaintiff had herniated or bulging discs (see Servones v Toribio, 20 AD3d 330 [2005]; Kearse v New York City Tr. Auth., 16 AD3d 45, 49-50 [2005]; see also Toulson v Young Han Pae, 13 AD3d 317, 319 [2004] [finding of bulging and herniated discs, by itself, does not establish a prima facie case of serious injury]).

Even assuming plaintiff's evidence otherwise is sufficient to raise a triable issue of fact regarding whether she sustained a serious injury, defendant's motion must be granted nonetheless. As defendant's expert noted, plaintiff was involved in two accidents prior to the accident that resulted in injuries relevant to this action. In 1991, plaintiff injured her back in a workplace accident that required her to stop working as a nurse's aide and led to her receipt of workers' compensation benefits. Plaintiff also injured her neck, back and right shoulder in a 1997 automobile accident. As a result of these preexisting injuries, plaintiff experienced pain in her back and neck, was no longer able to work and found her ability to perform many activities curtailed (e.g., walking, maintaining her home).

Where, as here, plaintiff sustained injuries as a result of accidents or incidents that preceded the accident giving rise to the litigation, plaintiff's expert must adequately address how plaintiff's current medical problems, in light of her past medical history, are causally related to the subject accident (see Flores, supra; see also Pommells v Perez, 4 NY3d 566 [2005]; Carter v Full Serv., Inc., 29 AD3d 342 [2006]; Montgomery v Pena, 19 AD3d 288 [2005]). This she failed to do. Of the four experts

---

* While defendant's expert found that plaintiff had a minor restriction of motion of 160 degrees out of 180 degrees in forward elevation and abduction in her left shoulder, the expert opined that this restriction was self imposed. In any event, such a minimal limitation of the use of a shoulder would establish neither a "significant" nor "consequential" injury (see Sellitto v Casey, 268 AD2d 753 [2000] [10% loss of use of shoulder not a significant limitation]; see also Licari v Elliott, 57 NY2d 230 [1982] [minor, mild or slight limitation insufficient to establish serious injury]).

whose affirmations plaintiff submitted in opposition to the motion, only one mentioned plaintiff's medical history. In a conclusory manner, this expert stated that plaintiff had experienced "neck and back pain prior to the accident" and "was improving from [her preexisting] injuries" at the time of the subject accident. This expert then summarily concluded that, as a result of the subject accident, plaintiff's "condition became more severe and required a return to regular therapy." Given plaintiff's medical history, this explanation was inadequate to raise a triable issue of fact as to whether plaintiff's current medical problems are causally related to the subject accident. Therefore, plaintiff failed to rebut defendant's prima facie showing of entitlement to judgment as a matter of law. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.