McCooe, J. (dissenting).
I respectfully dissent. Plaintiffs failure to object to the form of defendants’ medical experts’ report and affirmation before the motion court constitutes a waiver of any objection (see Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]). The motion court should not have sua sponte decided the motion on an issue not raised by the plaintiff.
The majority’s reliance on Daus v Cassavaugh (17 AD3d 837 [3d Dept 2005]) is misplaced. The plaintiff and the moving defendant in that case both submitted the same chiropractor reports of Sydney Hochman on the summary judgment motion. The motion court sua sponte rejected the chiropractor reports but the Appellate Division stated,
“Assuming that Hochman’s affirmations could be considered in opposition to the motion since defendants ostensibly did not object to their admissibility before Supreme Court (see Akamnonu v Rodriguez, 12 AD3d 187, 187 [2004]; Shinn v Catanzaro, supra at 198), review of those affirmations fails to reveal factual issues as to a significant limitation of use” (Daus, 17 AD3d at 839).
*33 The Appellate Division considered the affirmations which were not in compliance with CPLR 2106* (citing Shinn v Catanzaro, supra). The defendant tactically conceded the deficiency in Hochman’s affirmations because it had other medical proof knowing that the plaintiff relied solely on Hochman’s affirmations.
Defendants satisfied their burden of proof with medical evidence that, notwithstanding positive MRI reports, plaintiff had full range of motion and no disability resulting from the January 2001 motor vehicle accident (see Style v Joseph, 32 AD3d 212 [1st Dept 2006]; Quezada v Luque, 27 AD3d 205 [1st Dept 2006]; Thompson v Abbasi, 15 AD3d 95 [1st Dept 2005]).
Plaintiff failed to come forward with objective contemporaneous evidence that she sustained a serious injury (Insurance Law § 5102 [d]; see Toulson v Young Han Pae, 13 AD3d 317, 319 [1st Dept 2004]). The opinion as to permanence and significance of plaintiffs expert, who first examined plaintiff nearly four years after the accident, is conclusory, speculative and appears tailored to meet the statutory definition (see Arjona v Calcano, 7 AD3d 279 [1st Dept 2004]). Notably absent from the record is any evidence of testing and treatment in the near aftermath (six months) of the accident. Nor do plaintiffs unsubstantiated assertions of disability suffice to sustain the claim that she. was unable to perform substantially all of the material acts which constituted her customary daily activities for 90 of the initial 180 days following the accident (see Quezada v Luque, supra; Copeland v Kasalica, 6 AD3d 253 [1st Dept 2004]).
The order should be reversed and judgment granted dismissing the complaint.
McReon, PJ, and Schoenfeld, J., concur; McCooe, J., dissents in a separate opinion.

 While the form of Hochman’s affirmation was proper, a chiropractor is not within the class of professionals whose affirmation can be used in lieu of an affidavit.