Wallace v Tri-State Assembly, LLC (2021 NY Slip Op 06664)





Wallace v Tri-State Assembly, LLC


2021 NY Slip Op 06664


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Judith Gische Barbara R. Kapnick Tanya R. Kennedy Martin Shulman


Index No. 155741/17 Appeal No. 14261 Case No. 2020-04820 

[*1]Tyrone Wallace, Plaintiff-Appellant,
v
Tri-State Assembly, LLC, et al., Defendants, Amazon.Com LLC, et al., Defendants-Respondents.



Plaintiff appeals from the judgment of the Supreme Court, New York County (Barbara Jaffe, J.), entered July 24, 2020, dismissing the complaint as against defendants Amazon.com, LLC and Amazon.com.DEDC, LLC.




Mitchell Dranow, Sea Cliff, for appellant.
Perkins Coie LLP, New York (John T. Dixon of counsel), for respondents.



SHULMAN, J.


Plaintiff sustained injuries when the handlebars of an electric bicycle his father purchased for him through Amazon.com loosened while he was riding it and caused him to fall. Nonparty Eshion, a China based company, listed the bicycle for sale on Amazon.com. At the time of purchase, plaintiff's father also elected to buy a service option to have the bicycle assembled. Former codefendant Tri-State Assembly (Tri-State), which offers its services for sale on Amazon.com and is an Amazon approved service provider, assembled it.[FN1] Tri-State was uninsured at the time it provided assembly services to plaintiff.
Insofar as relevant to this appeal, plaintiff asserted claims against defendants, Amazon.com, LLC and Amazon.com.DEDC, LLC (together, Amazon) for negligence and breach of the implied warranties of fitness and merchantability. Plaintiff alleged that Amazon and its agents were careless and negligent in the assembly and sale of the bicycle; in assembling, distributing and selling a product unfit for public use; and in making, assembling, distributing and selling a product that collapsed under normal use.
Supreme Court granted Amazon's motion for summary judgment dismissing the complaint. For the reasons stated below, we affirm.
The Uniform Commercial Code clearly provides that implied warranties only extend to sellers (see UCC 2-314 [1]; 2-315; see also Philadelphia Indem. Ins. Co. v Amazon.com, Inc., 425 F Supp 3d 158, 165 [ED NY 2019] [applying New York law]). Plaintiff's breach of warranty claim fails because Amazon submitted sufficient documentary evidence and unrefuted affidavits from its representatives to establish prima facie that it did not sell, manufacture, distribute or assemble the bicycle.
The supporting affidavits indicate that, pursuant to contract, third-party sellers such as Eshion are responsible for all aspects of their sales, such as setting a price, describing the product being sold, and offering any warranties. In this case, Eshion sold the bicycle and shipped it directly to plaintiff. At no time was the bicycle ever in Amazon's possession or control, nor did it ever obtain title to the bicycle (see UCC 2-106 [1]). Further, when placing orders all Amazon.com users agree to its Conditions of Use, wherein Amazon disclaims all warranties for products sold by third-party sellers.
In opposition, plaintiff failed to raise an issue of fact. His objection to the admissibility of Amazon's supporting affidavits was raised for the first time on appeal and therefore is unpreserved for appellate review (see Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]). In any event, the lack of a certificate [*2]of conformity pursuant to CPLR 2309(c) is not fatal, as the oath was duly given (see Matapos Tech. Ltd v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]).
Moreover, Amazon did not impliedly warrant the assembly service Tri-State offered for sale. Plaintiff improperly alleged for the first time in opposition to summary judgment that issues of fact existed as to whether Amazon properly vetted Tri-State to ensure its competency and that it maintained insurance as required by agreement between Amazon and Tri-State. Despite not being a party to that agreement, plaintiff argued that Amazon breached its duty to obtain proof of insurance from Tri-State and thus provided him with third-party services from an uninsured vendor. The motion court properly declined to entertain this newly alleged theory of liability for which plaintiff offered no supporting authority.
This Court similarly declines plaintiff's invitation to fashion an equitable remedy effectively extending implied warranties to nonsellers because he has no other means of recovery. In support, plaintiff cites to Bolger v Amazon.com, LLC (53 Cal App 5th 431, 438 [Ct App, 4th Dist 2020]). There, the California Court of Appeal reversed an award of summary judgment to Amazon finding that Amazon could be held strictly liable for defective products third-party vendors sell on its website. Its holding rested on the notion that under the circumstances presented, Amazon was a pivotal part of the distribution chain that brought the product at issue to the plaintiff consumer.
Plaintiff's reliance on Bolger is misplaced. First, Bolger involved a strict products liability claim, which plaintiff does not allege. Further, Bolger is distinguishable because the California Court of Appeal sustained the lower court's dismissal of the plaintiff's breach of implied warranty claim, which was unchallenged on appeal (53 Cal App 5th at 462 n 12).
In Eberhart v Amazon.com, Inc. (325 F Supp 3d 393, 399-400 [SD NY 2018]), the US District Court for the Southern District of New York cited state and federal case law from around the country and noted "an emerging consensus against . . . holding Amazon strictly liable for defective products sold on its website." Subsequently, in Philadelphia Indem. Ins. Co. v Amazon.com, Inc., the US District Court for the Eastern District of New York described "the issue of whether Amazon can be held strictly liable for defects in the products that consumers purchase from third-party vendors through Amazon's online marketplace" as "a developing area of law" (425 F Supp 3d at 162-163). The court noted that "[w]hile many courts that initially considered the issue found in Amazon's favor, some more recent cases have reached different results, with appeals on a few of these cases still pending" (id. at 163).
Nonetheless, the Eastern and Southern District Courts of New York did not expand the chain of liability. Rather, both applied New York law and found that Amazon could [*3]not be held liable under the theories of strict products liability or breach of warranty. In support, these two federal courts cited Spallholtz v Hampton C.F. Corp. (294 AD2d 424, 424 [2d Dept 2002], lv denied 98 NY2d 611 [2002]), for the well-settled legal principle that liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distribution chain (see Philadelphia Indem., 425 F Supp 3d at 165 [internal quotation marks omitted]; Eberhart, 325 F Supp 3d at 397 n 3). Central to both courts' analyses was the undisputed fact that at no time did Amazon ever obtain title to the products in question and, rather than being viewed as a distributor, "Amazon is better characterized as a provider of services" (Eberhart, 325 F Supp 3d at 399; see Philadelphia Indem., 425 F Supp 3d at 163).
Against this backdrop, there is simply no authority that would enable this Court to create a remedy based upon equitable principles as plaintiff urges. To do so would unjustifiably contradict settled New York law limiting liability for breach of warranty to sellers and parties within the manufacturing, selling, or distribution chain. Amazon is neither, as it merely provided the website plaintiff's father used to purchase the bicycle from an independent third-party seller and have it assembled by an independent third-party assembler.
Accordingly, the judgment of the Supreme Court, New York County (Barbara Jaffe, J.), entered July 24, 2020, dismissing the complaint as against defendants Amazon.com, LLC and Amazon.com.DEDC, LLC, should be affirmed, without costs.
Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered July 24, 2020, affirmed, without costs.
Opinion by Shulman, J. All concur.
Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021



Footnotes

Footnote 1: Tri-State and its employee who assembled the bicycle failed to appear in the action, which Supreme Court dismissed as to them based upon plaintiff's failure to timely move for a default judgment.