| Bacon v Xpress Transp. & Multi Servs., Inc. |
|:---:|
| 2024 NY Slip Op 33650(U) |
| October 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159445/2017 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. JAMES G. CLYNES** | PART | 22M |
| | *Justice* | | |

-------------------------------------------------------------------------X

SUSIE MAE BACON,

                    Plaintiff,

          - v -

XPRESS TRANSPORT & MULTI SERVICES, INC., JOSE
BELTRE

             Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159445/2017 |
| MOTION DATE | 05/14/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for                        JUDGMENT - SUMMARY         .

Upon the foregoing documents, the motion by Defendant XPRESS TRANSPORT &

MULTI SERVICES INC and JOSE BELTRE for summary judgment on the grounds that

Plaintiff's claimed injuries fail to meet the serious injury threshold under Insurance Law 5102 (d)

is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a June 16, 2017 motor

vehicle accident. Plaintiff's Bill of Particulars alleges injures to her cervical spine, lumbar spine,

thoracic spine, brain, and right knee and that those injuries fall within the categories set forth under

Insurance Law 5102(d).

The burden rests upon the movant to establish that the plaintiff has not sustained a serious

injury (*Love v Bennett, 122 AD2d 728[1st Dept 1986]*). The burden then shifts to the plaintiff to

show that they did sustain such injury or that there are questions of fact with objective proof of the

injury to satisfy the statutory serious injury threshold (*see Martin v Schwartz, 308 AD2d 318 [1st

Dept 2003]*).

159445/2017  BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No.  005

                                           Page 1 of 7

[* 1]

INDEX NO. 159445/2017

RECEIVED NYSCEF: 10/15/2024

In support of their motion, Defendants rely on the affirmed independent medical examination report of Dr. Louis McIntrye, the independent medical examination of Dr. Gary Bromley, the independent examination of Dr. Vikas Agrawal and the review report of radiologist, Dr. Scott Springer who reported that Plaintiff's cervical spine, thoracic spine, lumbar spine and right knee injuries were all resolved and not caused by the accident on June 16, 2017. Dr. Springer opined, as did Dr. Agrawal, that there was degenerative disease present.

Defendant relies on Dr. McIntyre's report dated August 21, 2023 after an orthopedic medical evaluation. Dr. McIntyre measured Plaintiff's range of motion using a hand-held goniometer. He performed the Spurling's test, Foraminal compression test and the traction test and they were all negative for the cervical spine with normal range of motion. Reflexes were present and symmetrical in the upper extremities. He performed the Clonus test and Laguere's test which were both negative for the thoracic spine. He performed forward flexion, Laseque's test, Kernig test and Waddell's test which were all negative along with the straight leg raising which was also negative bilaterally to 90 degrees normal for the lumbosacral spine. The Lachman's, Anterior drawer, Valgus/varus, patellar apprehension, patellar Grind, J-sign and Murray tests were all negative for the right knee with no signs of instability and no atrophy. He found that the alleged injury to the cervical spine, the alleged injury to the thoracic spine, the alleged injury to the lumber spine and the alleged injury to the right knee were all resolved. In his opinion there was no evidence of disability or permanent injury, all orthopedic testing was negative, reflexes, muscle strength, sensation and muscle tone were normal, and the Plaintiff was able to perform activities of daily living and work duties without restrictions. He also found that there was no need for any further orthopedic or physical therapy treatment.

159445/2017  BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No. 005

Page 2 of 7

Defendant relies on Dr. Brower's report dated May 24, 2023 after a facial medical evaluation. Dr. Brower found the scar above the right eyebrow as cosmetically acceptable with no interference with activities of daily living.

Defendant relies on Dr. Scott Springer's review of the brain MRI examination which was performed on November 27, 2017; right shoulder MRI examination performed on February 5, 2018 and left shoulder MRI examination performed on February 5, 2018. Dr. Springer compared the T1 sagittal, axial T1, T2 and FLAIR coronal T2 and axial diffusion weighted imaging provided to the brain MRI of September 13, 2017 and found symmetric and normal sized ventricles and sulci, no hydrocephalus, mass effect or midline shift. He found increased signal within the periventricular white matter compatible with small vessel ischemic disease which he opined was not related to trauma. Sellar regions, pineal regions, craniocervical junction and orbits were found to be normal with no abnormality on the diffusion weighted images.

Dr. Springer reviewed sagittal, axial, and coronal images, examination was limited by motion artifact on multiple images of multiple sequences on the left shoulder and right shoulder. He found no fracture, dislocation, or acromioclavicular joint separation. There were degenerative findings on both left and right shoulder typical of arthritis. Tendinosis related to repetitive motion was found as well as degenerative changes to the glenohumeral joint, small subchondral bone cysts indicative chronic process of degenerative origins and not related to trauma were found in the right shoulder. The left shoulder review found large subchondral bone cysts in the glenoid and small subchondral bone cysts in the head of the humerus, degenerative and not related to trauma. Further, Dr. Springer found no posttraumatic changes casually related to the June 16, 2017 accident for the brain, left shoulder and right shoulder MRI review.

Finally, Defendant relies on Dr. Agrawal's report dated May 24, 2023 after a neurological medical evaluation. Dr. Agrawal evaluated Plaintiff's range of motion with the use of a

159445/2017 BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No. 005

Page 3 of 7

goniometer, visual inspection and self-demonstration and found normal range of motion of the cervical spine. Foraminal compression, Spurling test and Soto Hall test were all negative. He performed Laguere's test and clonus test which were both negative. He found normal range of motion for the thoracic spine. He also found normal range of motion for the lumbar spine with negative Lasegue's and Waddell's test. Dr. Agrawal noted normal muscle tone and muscle strength of 5/5 along with normal position and vibration sense, in all four extremities.

Dr. Agrawal found alleged injury to the cervical spine, thoracic spine and lumber spine resolved with normal neurological examination. He opined that there was no permanency and neck and low back pain seemed to be due to degenerative joint disease and that the injury to the cervical spine, thoracic spine and lumbar spine had resolved. He found that the Plaintiff had no disability and was capable of doing basic and advanced activities of living. He also found that there was no need for any further treatment at this time and that Plaintiff has reached maximum therapeutic benefit.

Defendants have met their initial burden of establishing that Plaintiff did not sustain serious injuries as a result of the accident under Insurance Law 5102(d) (*Perez v Rodriguez, 25 AD3d 506 [1ˢᵗ Dept 2006]*) and shifted the burden of whether the Plaintiff has sustained serious injury.

In opposition, Plaintiff relied on the affirmation medical examination and review of testing of Dr. Aric Hausknecht, certified medical records and unsworn Magnetic Resonance Reports of Dr. David Payne and Dr. Robert Waxman, the unsworn reports of Dr. Demetrios Mikelis, Dr. Sebastian Lattuga and Dr. Silvia Geraci and emergency room hospital records from Mount Sinai Beth Israel. Dr. Hausknecht specifically addressed Dr. Springer's findings of degenerative disease opining that the disc pathologies and nerve injuries, right shoulder tears and left knee internal derangement did not pre-exist the accident and Plaintiff was previously asymptomatic.

159445/2017 BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No. 005

Page 4 of 7

[* 4]

Dr. Robert Waxman reviewed the MRI of Plaintiff's right knee dated October 25, 2017. Dr. Waxman reported that the MRI showed a macerated tear of the medial meniscus with severe subarticular marrow edema, partial tear of the posterior cruciate ligament and the proximal medial collateral ligament. Dr. David Payne reviewed the MRI dated September 30, 2017 of Plaintiff's thoracic spine and noted right paracentral herniations at T9-10 and T10-11 each with thecal sac indentation. Dr. David Payne reviewed the MRI dated September 17, 2017 of Plaintiff's lumbar spine and reported bulging disc at L1/2, L2/3, L3/4, L4/5 and L/5/S1 with left lateral herniation component impinging upon the exited L2 and near impingement on the exited L3 root, moderate bony foraminal stenosis and mild bilateral foraminal stenosis, respectively. On the MRI of Plaintiff's cervical spine dated September 17, 2017, Dr. Payne notes paracentral, central, foraminal and central herniation at C2/3, C4/5 C5/6, C6/7, C7/T1, respectively.

The certified records from Prompt Medical has office visits with Dr. Demetrios Mikelis, and Dr. Sebastian Lattuga on July 9, 2018, May 30, 2018, April 30, 2018, and October 9, 2018. Plaintiff was seen by Dr. Silvia Geraci on October 9, 2018, September 4, 2018 and August 14, 2018. There was a surgical procedure on September 25, 2018 and July 31, 2018 after a pain management consultation on July 17, 2018. Dr. Geraci performed a lumbar zygapophyseal joint nerve block and 1st cervical epidural steroid injection. Dr. Aric Hausknecht's report dated April 13, 2023 noted that the Plaintiff was seen by him on September 7, 2017, he noted the evaluation on October 12, 2017, November 13, 2017 and April 11, 2018 after which she was seen by Dr. Mikelis and his associates where she had cervical epidural steroid injection and underwent right L3-4-5 facet blocks which gave temporary relief.

Dr. Hausknecht measured Plaintiff's range of motion with a handheld goniometer and found abnormal ranges, T/L- S spine forward flexion 40 range (normal 90); left lateral flexion 12 range (normal 90) C spine extension 30 range (normal 60), forward flexion 40 range (normal 90).

159445/2017 BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No. 005

Page 5 of 7

[* 5]

5 of 7

He reviewed Plaintiff's cervical spine MRI dated 9/15/2017 and reported C2-3 , C3-4, C5-6, C6-7 disc herniation with cord impingement and root impingement and C7-T1 disc herniation. He also noted that the MRI of the thoracic spine dated September 22, 2017 revealed T9-10 and T10-11 disc herniation. Dr. Hausknecht noted that an MRI of Plaintiff's lumbar spine dated September 15, 2017 revealed T12-L1, L1-2, L4-5 and L5-S1 disc bulge with L2-3 and L3-4 disc herniation which were all associated with hypertrophic changes. He noted post-concussion syndrome and posttraumatic headache disorder and aggravation of previously asymptomatic underlying degenerative joint disease. Dr. Hausknecht asserted with a reasonable degree of medical certainty that the motor vehicle accident on June 16, 2017 was the substantial cause of Plaintiff's condition since the pre-existing degenerative joint disease was common for her age and she was previously asymptomatic. He also noted with a reasonable degree of medical certainty that Plaintiff had sustained significant limitation of function of her neurological and musculoskeletal system.

Plaintiff's treating physician adequately addressed the evidence of and explained that Plaintiff was previously asymptomatic and that he believed the accident caused Plaintiff's injuries. As there are conflicting medical reports as to limitations on Plaintiff's ranges of motion and causation, there exists an issue of fact precluding summary judgment (see *Ly Giap v. Hathi Son Pham, 159 A D3d [1ˢᵗ Dept. 2018]*; see *Duran v Kabir, 93 AD3d 566 [1ˢᵗ Dept 2012]*).

With respect to the 90/180 days category of serious injury, Dr. Hausknecht reported permanency of Plaintiff's injury and limitation which is competent evidence that Plaintiff is still unable to perform substantially all of her normal activities and was not able to perform her activities for at least 90 days of the first 180 days as a result of the accident. Plaintiff testified in her examination before trial that she is retired but is now unable to cook, wash her clothes, make her bed, mop her floor, and needs help to do these things and that she now has to wear prescription glasses. She notes that she has pain in her head, back, legs and neck. Plaintiff also testified that

159445/2017  BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No. 005

Page 6 of 7

she now uses her daughter as an aide. Plaintiff's testimony as to her restrictions in conjunction with Dr. Hausknecht's report has raised an issue of fact as to the 90/180 days category as well.

Accordingly, it is,

**ORDERED** that the motion by Defendants XPRESS TRANSPORT & MULTI SERVICES INC and JOSE BELTRE for summary judgment on the grounds that Plaintiff's alleged injuries fail to satisfy the serious injury threshold under Insurance Law 5102 (d) is denied; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of Entry, Plaintiffs shall serve a copy of this Decision and Order upon the Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| _10/15/2024_ | | | | |
|---|---|---|---|---|
| **DATE** | | | JAMES G. CLYNES, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159445/2017  BACON, SUSIE MAE vs. XPRESS TRANSPORT & MULTI
Motion No. 005

Page 7 of 7