Lopez v 18-20 Park 84 Corp. (2025 NY Slip Op 01171)

Lopez v 18-20 Park 84 Corp.

2025 NY Slip Op 01171

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 152028/19|Appeal No. 3791|Case No. 2023-06299|

[*1]Felipe A. Lazaro Lopez, Plaintiff-Respondent,
v
18-20 Park 84 Corp., et al., Defendants-Respondents-Appellants, Marissa Reese, Defendant-Respondent.
18-20 Park 84 Corp., et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Dowd Interiors, Inc., Third-Party Defendant-Appellant-Respondent.
Marissa Reese, Second Third-Party Plaintiff-Respondent,
v
Dowd Interiors, Inc., Second Third-Party Plaintiff-Appellant-Respondent.

Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant-respondent.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for respondents-appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for Felipe A. Lazaro Lopez, respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for Marissa Reese, respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 28, 2023, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendant/third-party plaintiff 18-20 Park 84 Corp. (18-20 Park; together with defendants/third-party plaintiffs Argo Real Estate LLC and the Argo Corporation, building defendants), and denied third-party defendant Dowd Interiors, Inc./second third-party defendant Dowd Interiors Incorporated's (Dowd) motion for summary judgment dismissing the first and second third-party claims for common-law indemnification and contribution, unanimously modified, on the law, to grant Dowd's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the third-party and second third-party complaints accordingly.
This personal injury action stems from plaintiff's fall from a ladder while in the course of his employment with Dowd as a painter. Plaintiff was performing renovation work in an apartment at premises owned by 18-20 Park, which apartment was leased by defendant/second third-party plaintiff Marissa Reese.
Plaintiff established his prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim "through his testimony that the ladder on which he was standing at the time of his accident moved from under him for no apparent reason" (Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]; Hoxhaj v West 30th HL LLC, 195 AD3d 503, 503 [1st Dept 2021]). Contrary to the building defendants' argument, a "plaintiff is not required to demonstrate that a ladder is defective in order to establish prima facie entitlement to summary judgment under Labor Law § 240 (1)" (Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]). To the extent that plaintiff was required to identify a safety device that would have prevented his accident, "plaintiff established that he was provided with a safety device, i.e., a ladder, but that the ladder proved to be inadequate" (Pinzon, 211 AD3d at 444).
The building defendants failed to raise an issue of fact in opposition. Even if plaintiff misused the ladder by standing on its fifth rung, this "constitutes at most comparative negligence, which is not a defense to a Labor Law § 240 (1) claim" (Hoxhaj, 195 AD3d at 504). "Moreover, plaintiff is entitled to summary judgment in his favor even though he was the only witness to his accident, as nothing in the record controverts his account of the accident or calls his credibility into question" (Pinzon, 211 AD3d at 443 [internal quotation marks omitted]). Finally, even assuming that a baker scaffold was available for plaintiff's use, the building defendants do not point to any evidence that plaintiff was specifically instructed to use it (see Walls v Turner Constr. Co., 10 AD3d 261, 262 [1st Dept 2004], affd 4 NY3d 861 [2005]). Accordingly, plaintiff was [*2]properly granted partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against 18-20 Park, the building owner.
However, Dowd's motion for summary judgment dismissing the common-law indemnification and contribution claims should have been granted. Dowd established prima facie that plaintiff did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11 through its expert neurologist's affirmed report opining that there was no valid or reliable evidence of cognitive or psychological symptoms resulting from the accident, and that plaintiff could return to work on a full-time basis (see e.g. Purcell v Visiting Nurses Found. Inc., 127 AD3d 572, 574 [1st Dept 2015]). In opposition, the building defendants and Reese failed to raise an issue of fact. Dowd's argument that the records of plaintiff's treating physicians are uncertified and, therefore, inadmissible is improperly raised for the first time on appeal (see e.g. Wallace v Tri-State Assembly, LLC, 201 AD3d 65, 67 [1st Dept 2021], lv denied 38 NY3d 906 [2022]; Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]). Those treatment records neither establish that plaintiff's claimed total disability is due to his traumatic brain injury, as opposed to his other claimed injuries, nor reconcile plaintiff's deposition testimony that he felt unable to work because of his pain and inability to concentrate (see Anton v West Manor Constr. Corp., 100 AD3d 523, 524 [1st Dept 2012]).
We have considered Reese's and the building defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025